## HYSINGER v. COLMAN.

By signing the recognizance prescribed by statute to be indorsed on process requiring bail, the recognizor undertakes that in case there be judgment against the principal in the suit then pending, the latter will satisfy the judgment or render his body to prison on that occasion; and the declaration on such recognizance must show, by setting it out in terms, or according to its legal effect, that the contract of the recognizor is such as above described.

The recognizance in such case, if taken for the principal's appearance according to the requisitions of the writ, is void.

APPEAL from the *Fountain* Circuit Court.

BLACKFORD, J.—This was an action of debt against the appellee. The declaration states that *Hysinger* had sued *D. S. Henderson* and *L. Boxley* in an action of debt, the writ requiring bail; that, by virtue of the writ, the sheriff arrested *Henderson* and *Boxley*, and, according to the statute, took a recognizance of special bail of the now defendant on the back of the writ; and that by such recognizance, the now defendant, by the description of *I. Colman*, acknowledged himself special bail for the appearance of *Henderson* and *Boxley*, according to the requisitions of the writ, as by the record of the recognizance, now remaining in Court, more fully appears. The declaration then states that *Hysinger* recovered a judgment against *Henderson* and *Boxley*, that they have not paid the judgment nor rendered themselves in execution therefor, &c.; whereby an action hath accrued, &c. The defendant pleaded several pleas in bar, some of which were demurred to generally, and issues in fact were joined on the others. The demurrers were sustained, and final judgment was rendered for the defendant.

It is not necessary to examine the pleas demurred to, as we are of opinion that the declaration contains no cause of action.

The statute requires that when a writ requiring bail is served, " the officer shall take a recognizance of special bail of some freeholder resident in the state, on the back of the process, in substance as follows:—I, *A. B.*, do hereby acknowledge myself special bail for the within named *C. D.* in the suit named in the within writ. Witness my hand and seal this ———— day of ————. (Signed) *A. B.*" And it is enacted, that this recognizance shall have all the force and effect of a regular recognizance of special bail, and shall be in all respects obligatory as such. R. S. 1838, p. 446. By signing the recognizance thus prescribed by statute, the recognizor undertakes that, in case there be judgment against the principal in the suit then pending, the latter will satisfy the judgment or render his body to prison on that occasion; and the declaration on such recognizance must show, by setting it out in terms or according to its legal

May Term, 1841.

effect, that the contract of the recognizor is such as we have just described.

But the recognizance set forth in the declaration before us, is altogether of a different character from the one prescribed by the statute. The recognizance here relied on by the plaintiff, is only for the original defendants' appearance to the suit at the then next term of the Court; and its object seems to be similar to that of a bail-bond under the *English* practice, though it is not sealed, nor has it, in other respects, the form of such a bond. As a breach of this recognizance for the *appearance* of *Henderson* and *Boxley* to the suit then pending, the declaration states that they have not paid the judgment given against them in that suit, nor rendered themselves to prison in discharge of it. But that statement, it is evident, shows no breach of the recognizance described in the declaration.

Besides, the sheriff had no authority to take such a recognizance as that which the declaration describes, and the same is void.

For these reasons, we are of opinion that the declaration under consideration contains no cause of action.

*Per Curiam.*—The judgment is affirmed with costs.

*A. S. White* and *R. A. Lockwood*, for the appellant.

*W. M. Jenners*, *R. A. Chandler*, and *R. C. Gregory*, for the appellee.