Dewey, J.
J.— White and Lockwood sued Guest, at the February term, 1842, of the Tippecanoe Circuit Court, in debt. The declaration was filed on the fourth‘day of the preceding Tanuary. It alleges that the plaintiffs had sued out a writ of capias ad respondendum against one Hunt (reciting it), with an order of bail thereon; that the sheriff, to whom the writ had been delivered, arrested Hunt; that the defendant “executed upon the back of said writ a recognizance of special bail, whereby he acknowledged himself special bail for the said therein named Hunt, in the suit named in the said writ;” and that the plaintiffs recovered a judgment against Hunt, &c. Then follows an averment that Hunt had not paid the judgment, nor rendered himself in execution, &c. The defendant appeared, and, before the calling of the cause, moved the Court “ to enter an exoneretur on the bail-bond or piece declared on, on account of the act entitled/An act to abolish imprisonment for debt, passed February the 12th, 1842.’ ” The Court sustained the motion, and ordered an exoneretur to be entered. The defendant then filed several pleas, and amongst them the following: “And for a further plea in this behalf, the said defendant says actio non, because he says that heretofore, to wit, at the February term of this Court in the year 1842, on the second day of said term, it was ordered by the judgment of said Court that an exoneretur be entered on the writing obligatory, or recognizance of bail, in said declaration mentioned; and that, by the judgment of said Court, the said *244 defendant was discharged from all liability on the same.” Tc this plea, the plaintiffs, without noticing the other pleas, demurred generally. The demurrer was overruled, and final-judgment rendered for the defendant.
One, and the only question necessarily presented for the decision of this cause, is, was the judgment of the Circuit Court, upon the demurrer, in view of the plea and declaration, right or wrong?
Applications in behalf of bail for an exoneretur are not usual wh-m the bail has a good defense by way of plea. They are r:--'-rally resorted to only in those cases in which no defense, ..Asti juris, exists, but when, nevertheless, under the rules and practice of courts founded on equitable considerations, ^relief will be granted on motion; as, for instance, when the principal has been rendered between a return-of non est to a ea. sa., and the time fixed by the indulgence of the Court for the render; 1 Tidd’s Pr., (Am. ed.), 238, 9; 2 Johns. Cases, 283; Wilmore v. Clerk et al., 1 Ld. Raym., 156; Fisher v. Branscombe, 7 T. R., 351; or when, owing to the right of the principal to be immediately discharged from custody, were he surrendered, the render is dispensed with, and to-avoid circuity of proceeding, relief is granted without it; as in cases of persons discharged under bankrupt and insolvent-laws, and persons otherwise privileged from arrest. Martin v. O’Harra, Cowp., 823; Mannin v. Partridge, 14 East, 599; - v. Bruce, 2 Chitt. R., 105; Trinder v. Shirley, Dougl., 45; Phillips v. Wellesley, 1 Dowl. P. C., 9; Todd v. Maxfield, 3 B. & C., 222; Beers et al. v. Houghton, 1 McLean’s R., 226.
But if it be granted that there may be instances, in which it would be proper to plead an exoneretur in bar of an action against bail, the plea in the record is probably defective in this, that it professes to reach and deny the right of the plaintiff to commence the suit, whereas it alleges matter having its origin after the institution of the action. A plea containing only such matter should not question the right of the plaintiff to have his action originally; it should only deny his right further to prosecute it; and this defect seems to be reached by a general *245 demurrer. Le Bret v. Papillon, 4 East, 502. It is not, however, necessary to decide directly upon the merits of this plea, for we conceive the declaration to be substantially bad. It alleges that the defendant entered into a recognizance upon the back of the writ, whereby he acknowledged himself special bail for Hunt in the suit therein named; but it does not state the terms and conditions of the recognizance. It is true, we have a statute requiring special bail to be given in that general form, and declaring that it “ shall have all the force and effect of a regular recognizance of special bail, and be in all respects obligatory as such.” R. S., 1838, p. 446. This is virtually saying, that the entry of bail on the back of the writ, in the general form prescribed, shall mean that the principal shall pay the condemnation money in the original suit, or render -his body in execution, for such is the force and effect of a regular recognizance of bail. ' But the statute, *though it affixes the meaning to the form which it prescribes, does not interfere with the ordinary rules of pleading. ’’One of those rules is, that in declaring on a written instrument, the pleaders shall either set out its legal effect, or give it in hcee verba to enable the Court to put upon it the proper construction. The declaration which we are considering does neither, and is, therefore, defective. It should either have professedly set out the very words of the recognizance, or stated it according to the meaning prescribed by the statute. This point was settled in the case of Hysinger v. Colman, 5 Blackf., 596. The judgment of the Circuit Court was right in consequence of the insufficiency of the declaration.
There is a feature presented by the record, which, as it may have a bearing upon the ultimate rights of the parties in another suit on the recognizance of bail, we will proceed to consider now. Ve allude to the exoneretur which was entered on the motion of the defendant. The question is, was it correctly entered? It is the law of this State, that in all cases against special bail, if the principal shall surrender himself or be surrendered by his bail before final judgment, an exoneretur shall be entered on the record, and the suit dismissed at the *246 cost of the bail. R. S., 1838, p. 454. By another law, enacted by the last Legislature, no person is to be imprisoned on civil process without a previous affidavit imputing to him fraud; and all persons confined in prison, or having the privilege of the prison bounds, at the time the act took effect, were discharged. Laws of 1842, pp. 68 to 70. Under this act, the exoneretur in question was entered. We have already seen that it is a well settled rule of law, that in all cases in which bail would be entitled to relief on motion in consequence of the actual render of the principal, they will, to avoid circuity of proceeding, be relieved by the entry of an exoneretur without the render, provided the principal, if surrendered, would be entitled to an immediate discharge from custody. The case before us is embraced by this rule. Had the principal been rendered, he could not, under the statute abolishing imprisonment for debt, have been retained in custody; the plaintiff could not have charged him in execution without an affidavit charging him with the fraudulent concealment of his property. We think the exoneretur was *correctly entered. Had the declaration been sufficient, the proper course for the bail to pursue was to move the Court to dismiss the suit at his own cost. The statute does not contemplate that he should procure an exoneretur, and then plead it in bar of the pending action so as to throw the cost on the plaintiff. We do not mean to say, however, that an exoneretur may riot be pleaded in bar to a subsequent action against the bail.
R. A. Lockwood, for the plaintiff.
G. S. Orth, for the defendant.
Per Curiam.—The judgment is affirmed with costs.