Nov. Term, 1843.

JAQUES *v.* DENEHIE and Another.

JAQUES
v.
DENEHIE.

Debt on a replevin-bond against *A.* and *B.* Plea, that, after the suit was commenced, the same had been, on, &c., settled and compromised by the parties; and that it was then agreed by the plaintiff and *A.*, that the suit should be dismissed at the defendants' costs; which costs, amounting to six dollars and nine cents, *A.* had paid according to the agreement; which the defendants were ready to verify. *Held*, that the plea was bad.

Thursday, January 4, 1844.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—Debt by *Jaques*, assignee of *Strain*, against *Denehie* and *Biggs*, on a replevin-bond. The defendants pleaded, *inter alia*, as follows: They say *actio non*, because they say that since the commencement of this suit, the same has been, on, &c., settled and compromised by and between the parties, and that it was then agreed by and between said *Jaques* and said *Denehie*, that said suit should be dismissed at the defendants' costs, which costs, amounting to six dollars and nine cents, said *Denehie* has paid according to said agreement; and this they are ready to verify. General demurrer to the plea, demurrer overruled, and judgment against the defendants for costs.

The plea in question is pleaded in bar of the action generally, but it shows that the matter contained in it arose after the action was brought; it could, therefore, if otherwise unobjectionable, be pleaded only in bar of the further maintenance of the suit. *Le Bret* v. *Papillon*, 4 East, 502.—*White et al.* v. *Guest*, 6 Blackf. 228.

But the plea is bad on other grounds. If it be viewed as a plea that the damages claimed had been satisfied, it is objectionable for not showing the terms of the settlement relied on; that is, whether the satisfaction was by payment of money, or by the delivery and acceptance of property. If the plea be considered as alleging that the settlement consisted of an agreement by the plaintiff to dismiss the suit at the defendants' costs, it is bad as being pleaded in bar, and containing, at most, only matter in delay of the plaintiff's recovery; for were the suit to be dismissed, the defendants could be sued again for the same demand.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. W. Barbour*, for the plaintiff.

*A. Kinney* and *S. B. Gookins*, for the defendants.