## BOLLES *v.* HAINES.

In debt on a recognizance indorsed on process requiring bail, the declaration need not aver that a *ca. sa.* had issued against the principal.

The declaration in such case should set out the recognizance in terms, or according to its legal effect.

The defendant in such suit pleaded that, on, &c., (the date of the recognizance,) the principal was and had ever since been notoriously insolvent. He also pleaded, that no sufficient *capias ad respondendum* had issued in the original suit. *Held*, that these pleas were bad.

If in such suit some of the issues are on pleas of *nul tiel record*, and the others on pleas of payment, and are all found for the plaintiff, the former by the Court and the latter by a jury,—the jury should find the amount due the plaintiff.

ERROR to the *Carroll* Circuit Court.

SULLIVAN, J.—This was an action of debt on a recognizance of special bail, indorsed on a *capias ad respondendum* issued out of the *Carroll* Circuit Court in favour of *Haines* against one *Vail.* The defendant pleaded, 1. No such recognizance. 2. That no *capias ad satisfaciendum* had issued against *Vail.* on, the judgment in the original suit. 3. Payment of the original judgment by *Vail.* 4. Payment by the defendant. 5. That on, &c., (the date of the recognizance,) *Vail* was, and ever since has continued to be, notoriously insolvent. 6. That no good and sufficient writ of *capias ad respondendum* had been issued in the suit of *Haines* against *Vail.* 7. No such record of the judgment in favour of *Haines* against *Vail* as the plaintiff alleges. 8. No *capias ad satisfaciendum* duly prosecuted out of the *Carroll* Circuit Court against *Vail* on the judgment against him in favour of

*Haines*, and continued in the hands of the sheriff four days before its return, &c. To the 1st and 7th pleas, the plaintiff replied that there were such records of the recognizance and judgment, &c., as alleged in his declaration. To the 2d and 8th pleas, he replied that a *capias ad satisfaciendum* had been duly issued, &c., and set out in his replication the writ, averring its delivery to the sheriff, its return, &c. To the 3d and 4th pleas there were replications denying the payments. To the 5th and 6th pleas, special demurrers were filed. Issues of *nul tiel record* were formed on the 2d and 8th pleas, and the issues on the 1st, 2d, 7th, and 8th pleas, were thereupon tried by the Court and found for the plaintiff. The demurrers to the 5th and 6th pleas were sustained. The issues on the 3d and 4th pleas were tried by a jury, and a verdict was returned for the plaintiff, but the jury omitted to find the amount due. The Court thereupon rendered judgment in favour of the plaintiff for the amount claimed by him.

The issues on the 1st, 2d, 7th, and 8th pleas, were properly tried by the Court. We perceive no error in this part of the case, nor is any complained of. Nor was there any error in sustaining the demurrers to the 5th and 6th pleas. The 5th is no answer to the breach laid in the declaration; and the 6th is an attempt to re-try, collaterally, a matter adjudicated in a former suit.

The demurrers to the pleas reach the declaration; and the plaintiff in error insists that it is defective, because it does not aver that a *capias ad satisfaciendum* had issued against the defendant in the original suit, and because it does not set out the recognizance of bail according to its legal effect, nor *in hæc verba*. The declaration states the undertaking as follows, viz., "that the said *William Bolles*, under his hand and seal on the back of said writ, acknowledged himself special bail for the said (written 'within named') *Walter R. Vail,* in the suit named in said (written 'within') writ, according to the form of the statute in such case made and provided." It is not necessary in an action of debt on a recognizance of special bail, that the declaration should allege that a *capias ad satisfaciendum* had issued on the judgment against the original debtor. If it did not issue, the fact should be pleaded by the defendant, and the plaintiff will then be bound to reply and prove that the writ did issue, that it was delivered to the

May Term,
1845.

sheriff, and that it was duly returned. But it is essential to correct pleading, that a declaration on a contract should state it according to its legal operation, or set it out in terms. 1 Chitt. Pl. 335, 6.—*Hysinger* v. *Colman*, 5 Blackf. 596. The declaration in this case does not set out the recognizance *in hæc verba*, nor does it give its legal effect according to the decision in *Hysinger* v. *Colman*, *supra*.

There is another error in the record which it may be well to notice. It is, that the Court assessed the damages. Beside the issues of *nul tiel record* to be tried by the Court, there were two issues to be tried by the country. The jury that tried those issues should have found the amount due to the plaintiff.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.

*D. Mace, R. A. Lockwood*, and *H. O'Neal*, for the defendant.