Shields *v.* Smith *et al.*

No. 7924.

## SHIELDS *v.* SMITH ET AL.

RECOGNIZANCE.—*Pleading.*—*Special Bail.*—In a suit on a recognizance of special bail against the sureties, joining also the principal debtor as a defendant, the complaint averred sufficient to make it good against the sureties, and also that the principal had placed in the hands of the sureties a sum of money named, to secure them.

*Held,* that a demurrer by the principal debtor should have been sustained.

SAME.—*Answer.*—An answer in such case by special bail, that after judgment against S., principal debtor, they surrendered his body "in execution; that by virtue of said execution the sheriff of M. county imprisoned said S. in the jail of said county, in said cause, until he was discharged by due process of law, and by the judge of the M. Circuit Court," though awkwardly drawn, is good on demurrer.

SAME.—*Surrender.*—*Release.*—An answer by the sureties in such case, that they offered to surrender the body of the principal debtor, and that the plaintiff requested them not to do so, and agreed to release them from the recognizance if they would not make the surrender, is good on demurrer.

SPECIAL BAIL.—*Liability.*—*Discharge.*—*Evidence.*—Special bail is not subject to liability, where the principal debtor, having been surrendered, is discharged by due process of law; and a record of proceedings in *habeas corpus,* showing such discharge, is proper evidence of the discharge, and can not be impeached collaterally.

SAME.—*Instructions.*—In a suit upon a recognizance of special bail, an instruction to the jury declaring correctly the legal effect of the recognizance, is proper.

SAME.—*Harmless Error.*—An instruction in such case, that after judgment the body of the principal debtor might have been taken in execu-

tion and committed to jail for a period of ten or fifteen days, though erroneous (R. S. 1881, section 865), is harmless to the plaintiff.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellees.

ELLIOTT, C. J.—Appellant was the plaintiff below, and in his complaint alleges that he filed a complaint against the appellee Smith, in an action for the recovery of $144.03; that summons was issued and served; that with his complaint he filed an affidavit and bond and obtained an order for the arrest of said Smith; that the arrest was duly made, and that the appellees became bail for Smith, and their undertaking was entered upon the back of the writ; that the action was afterwards tried and a judgment rendered in appellant's favor against Smith; that the judgment directed an execution against the body of Smith; that the judgment was not paid nor the body surrendered. It is also alleged that Smith had at the time of his arrest two hundred dollars, and that he gave one hundred and fifty dollars of this sum to Carr and McLaughlin, to secure them against loss on their recognizance of special bail entered for him.

The complaint does not state a cause of action against Smith. The fact that he had money when arrested, and that he gave part of it to his bail to secure them against loss, does not render him liable upon the recognizance of special bail. Upon such an undertaking as that sued on, the recognizors, and nobody else, are liable. The complaint is founded upon the recognizance, and not upon any contract between the appellees themselves. In the transaction between the appellees the appellant had no interest. He was neither a party nor a privy. No rights of his were invaded. Smith's demurrer was properly sustained.

The second paragraph of the answer of Carr and McLaughlin is, omitting the merely formal parts, as follows: "The defendants admit the execution of the recognizance of special

bail, but say that at the proper time, at the next term of the Monroe Circuit Court, the defendant George Smith appeared to the action in which said recognizance was executed, and contested the same, and, after judgment therein against him, said defendants surrendered the body of said George Smith in execution; that, by virtue of said execution, the sheriff of Monroe county imprisoned said Smith in the jail of said county, in said cause, until he was discharged by due process of law, and by order of the judge of the Monroe Circuit Court."

One of the objections urged against this answer is, that it does not show the surrender of the body of Smith on the execution issued in appellant's action. We think it does. Some of the clauses of the answer are awkwardly placed; as, for instance, the words, "in said cause," but still there is enough to show a compliance with the condition of the recognizance. It is a good defence to an action upon a special recognizance of bail to show that the body of the person, for whom the bail was entered, was surrendered to the proper officer, upon the writ issued in the action wherein the recognizance was executed.

Another objection stated to this answer is, that it does not show that the recognizors were exonerated by the discharge of Smith. We do not understand the law to require that they must show that the principal remained in prison until discharged by judicial sentence or operation of law. The recognizance is general in form. It reads thus: "We, R. W. Carr and C. D. McLaughlin, acknowledge ourselves special bail for the within named George Smith, in the action specified in the within order of arrest." Such force and meaning as it has the statute gives. The statute is as follows: "Any such recognizance of special bail shall only amount to an undertaking that the defendant will surrender his body, or the money, property and effects, or the value thereof, held or owned by him at the time of making such affidavit, and in default of such surrender the surety in such

recognizance shall only be liable for the amount of the property, moneys and effects which the plaintiff may show the defendant to have held or owned at the time of making such affidavit, exceeding the amount exempt from execution." The answer shows the surrender of Smith's body, and, showing this, meets and overthrows the allegations of the complaint charging a breach of the recognizance. Courts can not stretch the effect of a recognizance beyond the limit expressly placed upon it by statute. Sureties are never held beyond the terms of their contract, and this statute clearly and explicitly limits and defines the terms and conditions of such contracts as that under examination.

The third paragraph of the answer avers that the appellees Carr and McLaughlin offered to surrender the body of their principal; that the appellant requested and directed them not to do so, and agreed with them that, if they would not surrender Smith's body, he, appellant, would release them from their undertaking. We regard this answer as sufficient. The appellant has no just reason to complain of that which was done at his own request. He can not escape the consequences flowing from a state of affairs which he himself caused to exist; *volenti non fit injuria.*

It is complained that the court erred in admitting in evidence the record of the proceedings upon a petition for *habeas corpus* filed by Smith, and upon which he was discharged. It may not have been necessary for the appellees to have introduced this evidence; if so, its introduction could have done the appellant no harm. The evidence was, however, not incompetent. Where the principal is discharged by due process of law, there is no liability at all upon the part of his bail. *White* v. *Guest,* 6 Blackf. 228; 2 R. S. 1876, p. 86, sec. 117. The judgment in the *habeas corpus* case declares that the principal was never liable to arrest. Whether this judgment was right or wrong can not be here determined. Until set aside in some legal manner, it is conclusive. It is useless for counsel to argue that a judgment can, in such a case as this, be

collaterally impeached for errors committed upon the trial. The rule forbidding it is rudimental.

The first instruction given by the court states the legal effect of the recognizance sued on as follows: "That is, they," the appellees Carr and McLaughlin, "became Smith's surety that he would surrender his body or the money or the property or the value thereof held or owned by him, said Smith, at the date of the affidavit on which the order of arrest was had, or, in default of this surrender, they would pay the value of such property in money, which the plaintiff in that action might show defendant Smith held or owned at the date of such affidavit, exempt from execution."

The legal effect ascribed to the appellees' undertaking by this instruction is that fixed upon it by statute. No relevant instruction can be faulty which gives to a contract the construction which a positive statute declares it shall have. Especially is this so in cases where, without the statute, the contract would not be full enough to create any liability at all.

In one of the clauses of the second instruction the jury were told, in substance, that after final judgment the body of the debtor may be taken in execution and committed to jail for a period of ten or fifteen days. The court was mistaken as to the time for which the debtor may be imprisoned, for the statute provides that the debtor shall be held for such time as the court may direct, not exceeding ten days. 2 R. S. 1876, p. 86, section 112. The error was, however, a harmless one. It could not have possibly injured the appellant. Judgments are not reversed for harmless errors.

The questions presented upon the other instructions are the same in principle as those discussed and decided upon the pleadings.

There is no error in the record warranting a reversal.

Judgment affirmed.