Austin *v.* Dorwin.

⟶⟶❧⊛☙⟵⟵

### GUSTAVUS A. AUSTIN *v.* CANFIELD DORWIN.

In an action in favor of the payee of a promissory note against one who signed it as surety for the principal signer, the principal, having received from the defendant a release of all liability for the costs and expenses of the suit, is a competent witness for the defendant; for he will be liable to the plaintiff for the damages, if the defendant recover, to the same extent that he would be liable to the defendant, if the plaintiff should recover; and therefore, his liability for costs and expenses being released, his interest is equally balanced.

The record of a recovery in favor of the defendant in such case, the costs being released, would not aid the defendant in a suit to recover from the principal the amount paid. For the surety, in such action, must prove the original contract of suretyship, and the amount paid by him,—neither of which could be proved by the record; and the only use in proving the record would be to show the identity of the demand, upon which the payment was made.

And it makes no difference, that the testimony of the principal tends to reduce the amount of the plaintiff's recovery against the surety. The judgment in favor of the plaintiff transfers the principal's liability to the surety only to the

Austin *v.* Dorwin.

extent of that judgment, leaving the principal still liable to the plaintiff for the balance of the debt, if justly due. The record would be no defence to the principal, for the purpose of limiting the amount of recovery, in a suit against him by the plaintiff.

If the creditor, without the assent of the surety, make a binding contract with the principal to extend the time of payment of the debt, the surety is discharged. It is not necessary, that the contract should be such as would prevent the creditor from sustaining an action at law on the debt until the enlarged time of payment; but it is sufficient, if the contract be such, as to give the principal a legal remedy upon it.

The payment of usurious interest upon a debt is a sufficient consideration for a promise for forbearance; and such promise, so made, will discharge the surety.

So a payment upon the debt, before the debt becomes due, will support such promise; and in such case the surety will be discharged.

Assumpsit upon a promissory note for five hundred dollars, dated September 17, 1841, and made payable to the plaintiff, or order, in one year from date, with interest annually. Plea, the general issue, and trial by jury, March Term, 1846,—Bennett, J., presiding.

On trial the plaintiff gave in evidence the note declared upon, which was signed by Nathaniel Warner, Ira Warner, Asa S. Weller and the defendant, and by which they promised jointly and severally to pay the amount specified.

The defendant then offered in evidence the deposition of Ira Warner, one of the signers of the note, to which was annexed a release, executed in due form by the defendant, of all the costs and expenses which might be incurred by the defendant on account of this suit;—which release the witness testified was delivered to him previous to being sworn as a witness. To the admission of this evidence the plaintiff objected, upon the ground that the witness was interested; but the objection was overruled by the court.

This witness testified, that the note was executed solely for his benefit, and that the other signers were sureties for him; and that this was known to the plaintiff; that in August, 1842, and before the note became due, he agreed with the plaintiff to have the time of payment of the note extended one year, in consideration of his paying to the plaintiff thirty dollars, as interest upon said note above the sum of six *per cent.*; that, accordingly, before the note became

due, he paid the plaintiff thirty dollars; and that this sum was not to be indorsed upon the note, but was understood, by both parties, to be a *bonus* for extending the time of payment.

The court decided, that this evidence, if believed by the jury, disclosed a defence to the note. Verdict for defendant. Exceptions by plaintiff.

*A. Peck* and *C. Adams* for plaintiff.

1. Warner was interested, and not competent as a witness. Whether he is joint principal with the defendant, or is the principal and the defendant surety, he is liable to the defendant for the whole, or a portion of the sum recovered in this action.

2. If the witness is incompetent in chief, he is incompetent to prove the execution and delivery of the release before giving his testimony.

3. If the release is proved, Warner is still incompetent, as the release is only for costs; he is still liable to indemnify the defendant from the damages recovered in this suit; and the record, if the plaintiff recover, will be evidence, in an action in favor of this defendant against the witness for money paid, both to show the *fact* of the recovery and the *amount*. He is therefore interested in the record, as an instrument of evidence    1 Stark. Ev. 148.    1 Phil. Ev. 55.    1 Greenl. Ev. 551, § 404.

4. It is no answer to this objection, to say that the witness may be liable to the plaintiff in an action upon the note. If the plaintiff recover, the liability of the witness is conclusively settled by the judgment; while if the defendant recover, the liability of the witness to the plaintiff is open to trial and controversy. *Hall* v. *Cecil*, 6 Bing. 174, [19 E. C. L. 47.]    *Slegg* v. *Phillips*, 4 A. & E. 852, [31 E. C. L. 203.]

5. The thirty dollars claimed to have been paid by the witness, if so paid, is in law a payment of so much upon the note; so that the amount of the liability of the witness, as well as of the defendant, upon the note, is in controversy in this suit; and the testimony of the witness tends directly to reduce the damages. *Mainwaring* v. *Mytton*, 1 Stark. R. 85, [2 E. C. L. 306.]

6. The agreement to delay, for an illegal consideration, was not legally binding upon the plaintiff. The payment of the usurious in-

Austin v. Dorwin.

terest operated as a payment upon the note; and the law will so apply it. Hence Warner could not have set up this contract and payment in bar of an action upon the note, as part payment is not good consideration for a contract to delay. The contract must be upon valid consideration, and such as actually bars an action for the time stipulated, in order to discharge the surety. *McLemore* v. *Powell*, 12 Wheat. 554, [6 U. S. Cond. R. 636.] *Hall* v. *Constant*, 2 Hall 185. *Pritchard* v. *Hitchcock*, 6 M. & G. [46 E. C. L.] 149. *Orme* v. *Young*, 1 Holt 84, [3 E. C. L. 35.] *Davey* v. *Prendergrass*, 5 B. & Ald. 187, [7 E. C. L. 62.]

*D. A. Smalley* and *C. D. Kasson* for defendant.

1. The witness Warner was discharged from all cost in this suit. He would be liable, if judgment were rendered for the plaintiff, to pay the damages, that is the amount of the note, to the defendant, and if judgment were rendered for the defendant, he was still liable for the same amount to the plaintiff; so that his interest was balanced. 1 Greenl. Ev., §§ 391, 399, 420. *Hubbly* v. *Brown*, 16 Johns. 70.

2. The testimony shows, that the defendant, as surety, is discharged, by reason of time having been given the principal, under an agreement founded on good consideration, and without the assent, or knowledge, of the surety. The unquestionable part of the consideration was the payment of the interest in advance. The contract was not then broken; and the law is well settled, that even payment of part, before breach, under an agreement to discharge the whole, is binding. *Wheeler* v. *Wheeler*, 11 Vt. 60. *Bank of U. S.* v. *Hatch*, 6 Pet. 250. *Claremont Bank* v. *Wood*, 10 Vt. 582. *Pynnel's Case*, 5 Co. 117. *Wheat* v. *Kendall*, 6 N. H. 504. *Vilas* v. *Jones*, 10 Paige 76. *Miller* v. *McCan*, 7 Paige 459. *King* v. *Baldwin*, 2 Johns. Ch. R. 560. *Hubbly* v. *Brown*, 16 Johns. 70. *Bank of Montpelier* v. *Dixon*, 4 Vt. 587. *Rathbone* v. *Warren*, 10 Johns. 587.

6

The opinion of the court was delivered by

HALL, J.   The first objection made to the ruling of the county court is, that Warner, the principal on the note, was an incompetent witness for the defendant, his surety, by reason of interest in the event of the suit; and that he was, therefore, improperly admitted to testify.

The defendant has released the witness from all liability to him for the costs and expenses of this suit; and the only question is, how the witness is to be affected by the result in regard to the damages. The witness is liable to the plaintiff for the amount of the debt.  If the note is paid to the plaintiff by the defendant, his surety, the effect of such payment will be to transfer the liability of the witness from the plaintiff to the defendant.   The extent of his liability will be the same, whichever of the parties is his creditor.   A judgment in this suit in favor of the defendant will be no bar to an action against the witness on the note; and a judgment here in favor of the plaintiff will impose no new liability on the witness.   The judgment will, at most, be but a step in the process of transferring his liability from the creditor to the surety.   The result of this case would there-fore seem, in a pecuniary point of view, to be a matter of perfect indifference to the witness.

It is said, however, that the witness is incompetent, because a verdict against the defendant would be evidence for him against the witness, in an action for money paid as his surety.   If the verdict, when used as evidence against the witness, would tend to prove upon him some new liability, or to fix against him the amount of a liabil-ity, the extent of which would be otherwise uncertain, it may be conceded, that it would render him incompetent.   But could the verdict in this case be used for any such purpose?   The only facts to be shown by the surety, in his action for money paid, would be his liability as surety and the payment of the debt by him.   Neither of them could be shown by the record.   The recovery against the surety would be no evidence against the principal of the surety's liability, or of payment by him.   The principal, if liable at all, would be liable by virtue of the original contract, which must be proved; and he would be liable to the same extent, (costs being out of the question,) whether a judgment had been recovered against the surety, or not.   The record might be used to show the mere

fact of the recovery of the judgment, in order to identify the payment as having been made on the original contract; but for no other purpose. And for such a purpose the record of a recovery is always evidence against all persons in all suits where such fact becomes material. The only effect of a judgment in this suit, upon an action by the surety against the principal, would be to impose upon the surety the necessity of showing the fact of the recovery of the judgment, in addition to the evidence which would be otherwise sufficient to entitle him to recover. It would therefore tend to embarrass, rather than to facilitate, the remedy of the surety against the principal.

It is insisted, that the witness was interested to reduce the damages in this suit, because it would lessen the amount of his liability to the defendant; and that, as his testimony tended to show a payment of thirty dollars on the note, he was incompetent on that account. This is but the original objection in another form. If the verdict in this case operated to discharge the witness from the payment of the thirty dollars, he would doubtless be interested. But it could have no such effect. If the thirty dollars should be deducted from the note in the judgment here, and the defendant should pay the judgment, the witness would indeed get rid of paying that sum to the defendant. But he would still be liable to pay it to the plaintiff, if it were really due to him; for this judgment would not in any manner affect his right to recover it of the witness. The payment by the defendant of such a judgment would transfer but a part of the principal's original liability from the creditor to the surety; the part not transferred would be unaffected by the judgment. The liability of the witness being the same, whichever way the judgment in this case may be, and for whatever amount it may be rendered, we think he was competent to testify, and that his deposition was properly admitted. *York* v. *Blott*, 5 M. & S. 71. *Greeley* v. *Dow*, 2 Metc. 176.

The facts testified to by the witness being taken to be true, we have no doubt, upon the authorities, that the defendant is discharged from his liability on the note.

·It appears to be well settled, that if the creditor, without the assent of the surety, make a binding contract with the principal to extend the time of payment of the debt, the surety is thereby dis-

charged. It is not necessary, that the contract should be such as would prevent the creditor from sustaining an action at law on the debt until the enlarged time of payment. It is said, that a covenant not to sue for a limited time does not suspend the right of action on the debt, but merely gives the covenantee a remedy for the breach of it. 2 Saund. R. 48 *a*, note. But such a covenant with the principal would discharge a surety. It is sufficient, if the contract between the creditor and the principal for the extension of the time be such, as to give the principal a legal remedy upon it. The doctrine, which is derived from chancery, is founded on the obligation, which the contract for delay imposes upon the conscience of the creditor to-perform it.

It is urged in behalf of the plaintiff, that the contract between him and the principal was not a binding one, because the consideration for it was the payment by the principal of usurious interest.

In *Wheat* v. *Kendall*, 6 N. H. 504, *Miller* v. *McCan*, 7 Paige 451, and *Vilas* v. *Jones*, 10 Paige 76, contracts giving farther time, founded on the payment of sums of money exceeding the legal rate of interest, were held to discharge the surety. In the latter case, Chancellor WALWORTH says; " The statute prohibits the *taking* of usury and subjects the party receiving it to indictment and punishment. But there is no law forbidding the borrower, or debtor, from *giving* what he pleases for the loan or forbearance of money ; and there is no reason, why he should be deprived of the benefit of an agreement extending the time of payment of his debt, when the contract is executed on his part by the actual payment of the consideration for such extension, in advance."

But if the payment in this case had been expressly made to apply upon the note, it would seem there would have been a sufficient consideration for the contract of delay. The payment was made before the note became due ; and it is held, that a payment before the day, being a benefit to the creditor, is a good consideration for a promise. *Pynnel's Case*, 5 Co. 117. Co. Lit. 212 *b*. Chit. on Cont. 748. In *Bailey* v. *Adams*, 10 N. H. 162, and *Crosby* v. *Wyatt*, 10 N. H. 318, it was held, that the payment of the simple interest upon a note, after it had become due, was a sufficient consideration for a promise of the creditor to delay payment for the period, for which the interest was paid ; and that such a contract

between the creditor and principal discharged the surety. The ground of holding such payment to be a sufficient consideration is, that, after a debt becomes due, the creditor is obliged to receive payment at any time,—which he may not desire to do; and that the receiving of the interest in advance for a farther time is presumed to be a benefit to him.

It is unnecessary for us to go the length of these cases in New Hampshire. We have no doubt, however, that there was a sufficient legal consideration for the promise to delay the payment in this case ; and the judgment of the county court is therefore affirmed.