Lewis D. Turrill *v.* B. & H. Boynton and H. C. & N. B. Flanagan.

*Promissory note.   Usury.   Discharge of surety.*

An agreement between the payee of a promissory note and the principal of the signers, made upon sufficient consideration, to extend the time of payment, will discharge the sureties, if made without their knowledge and consent, notwithstanding the note is overdue at the time such agreement is made.

The payment of usurious interest by the principal to the payee, in such case, is a sufficient consideration to sustain a promise to give farther time for the payment of the note ; and an agreement for forbearance for a specified time, founded upon such consideration, and made without the consent of the sureties, operates as a discharge of the sureties.

Assumpsit upon a promissory note for $400,00, dated March 20, 1847, payable to the plaintiff, on demand, and signed by the defendants, and by Jedediah Boynton.   Plea, the general issue, and trial by jury, March Term, 1850,—Bennett, J., presiding.

On trial, the plaintiff gave in evidence the note declared upon. The defendants H. C. & N. B. Flanagan claimed, that they were but sureties upon the note, and that they had been released from their liability by the act of the plaintiff;—and the defendants gave evidence tending to prove, that, previous to the execution of this note, the plaintiff had lent about $600,00 to Boynton & Burritt, on a usurious contract, all of which had been paid, except about $160, for which the plaintiff held the note of Boynton & Burritt, which included about $65,00 usurious interest upon the original note; that the plaintiff assigned that note, for $163,00, to the defendants B. &

Turrill *v.* Boynton et al.

H. Boynton, and let them have other money, sufficient to make up the sum for which the note in suit was given, and they procured the other defendants to sign this note, as sureties merely,—which was known to the plaintiff; that Boynton & Burritt, to secure their note for $160,00 to B. & H. Boynton, delivered to them sundry notes, against third persons, which B. & H. Boynton held, until the agreement hereafter stated; that in July, 1848, the plaintiff, the defendant Henry Boynton, and Noble Boynton and Burritt, of the firm of Boynton & Burritt, met together,—and Noble Boynton claimed, that the plaintiff should repay to his firm the $65,00, extra interest, above mentioned,—and Henry Boynton, for B. & H. Boynton, the principals on the note in suit, wished the plaintiff to suspend collecting this note; that it was then finally agreed between the three, that B. & H. Boynton should pay to Boynton & Burritt the said sum of $65,00, extra interest, by indorsing that amount upon the $160,00 note, and should surrender to Boynton & Burritt that amount of the demands turned out by them to secure the $160,00 note, and should pay to the plaintiff one dollar, and the plaintiff should extend the time of payment of the note in suit for one year, or until the estate of Jedediah Boynton, who had deceased, should be settled; and that B. & H. Boynton did accordingly then pay to the plaintiff one dollar, and Boynton & Burritt, by a parol agreement, then discharged the plaintiff from all liability to them for said usurious interest, and in consideration thereof the plaintiff then made the agreement for forbearance above stated, and B. & H. Boynton soon after indorsed upon the $160,00 note the amount of usurious interest, and surrendered to Boynton & Burritt the same amount of notes, previously pledged by them to secure the $160,00 note. There was no evidence, that the defendants H. C. & N. B. Flanagan had any knowledge of this agreement, or in any way consented to it. It appeared, that Jedediah Boynton's estate had not been settled, at the time of trial.

The court held, that as the note in suit was overdue, at the time the agreement for forbearance was made, as claimed by the defendants, there was no evidence tending to prove such an agreement, as would discharge the sureties,—and directed the jury to return a verdict for the plaintiff, for the amount due upon the note. Exceptions by defendants.

C. D. Kasson and A. Peck for defendants.

The only question is, whether an agreement, in other respects valid, to extend the time of payment on a note, so as to discharge the sureties, is void at law, because it was made after the note was due. Promise for promise is a good consideration. A *bonus* of, in this case, $66,00 is a good consideration to support a contract to forbear. *Austin* v. *Dorwin*, 21 Vt. 38. *Miller* v. *McCan*, 7 Paige 451. The consideration consists in the $66,00 paid, and the mutual promises to delay and pay interest; and these have no reference to whether the note is due, or not. In the following cases the agreements were made after the debt was due. *Rees* v. *Berrington*, 2 Ves. 540. *King* v. *Baldwin*, 17 Johns. *Nisbett* v. *Smith*, 2 Bro. C. C. 579. *Hayes* v. *Ward*, 4 Johns. Ch. R. 123. *Samuel* v. *Howarth*, 3 Meriv. 272. *Miller* v. *McCan*, 7 Paige 451. *Bailey* v. *Adams*, 10 N. H. 162. *Grafton Bank* v. *Woodward*, 5 N. H. 99. *Bank of U. S.* v. *Hatch*, 6 Pet. 250. *Wheat* v. *Kendall*, 6 N. H. 504. And the following cases recognize the doctrine, that what would avail the surety as a discharge in equity will also be a defence at law. *Austin* v. *Dorwin*, 21 Vt. 38. *Hayes* v. *Ward*, 4 Johns. Ch. R. 123. *Rees* v. *Berrington*, 2 Ves. 540. *Miller* v. *McCan*, 7 Paige 451. *Bailey* v. *Adams*, 10 N. H. 162. *Grafton Bank* v. *Woodward*, 5 N. H. 301. *Wheat* v. *Kendall*, 6 N. H. 504. *Rathbone* v. *Warren*, 10 Johns. 605. *People* v. *Jansen*, 7 Johns. 332.

It is laid down in the books, that an agreement to extend the time to a specific day, or a reasonable time, is sufficient. Chit. on Cont. 31–35. We think an agreement to extend, as in this case, for a specified time, or until the happening of an event, is clearly good, and binds the holder to wait until one alternative has arrived, and also binds the principal to pay the interest, until the same period; and he cannot compel an acceptance of pay until the time expires; and on this it is, that mutual promises to forbear for some fixed period and to pay interest for the same time constitutes a binding contract to discharge the surety. The cases in New Hampshire, above cited, rest on that ground. It will be found, that, where the court hold, that a new promise to pay usurious interest is void, the statute declares the *entire contract* void. But where, as in New Hampshire and Vermont, the contract is only void for the excess, the promise

including legal interest is good and the surety is discharged. A contract, that is usurious, is only void at the election of the *debtor ;* the creditor cannot set up such illegality, when the contract has not been avoided by the debtor.

*D. A. Smalley* for plaintiff.

An agreement between the creditor and principal debtor, to extend the time of payment of a note, without the consent of the surety, must, in order to discharge the surety, be based upon a good and legal consideration, and be such a valid contract, as ties the hands of the creditor, so that he cannot sue, if he would. *Ormes* v. *Young*, 3 E. C. L. 35. *McLemore* v. *Powell*, 12 Wheat. 554, [6 U. S. Cond. R. 636.] *Hogaboom* v. *Herrick*, 4 Vt. 131. *Bank of Montpelier* v. *Dixon*, 4 Vt. 599. *Vilas* v. *Jones*, 10 Paige 79. *Oxford Bank* v. *Lewis*, 8 Pick. 458. *Blackstone Bank* v. *Hill*, 10 Ib. 129. *Nichols* v. *Norris*, 23 E. C. L. 28. *Bailey* v. *Adams*, 10 N. H. 162. *Freeman's Bank* v. *Rollins*, 1 Shep. 203. *Gilden* v. *Ieter*, 11 Ala. 256. Birge on Sur. 203. As the $65,00 was not paid, when the agreement to wait is said to have been made, there is no authority, which makes it such an agreement, as will discharge the surety. If, however, the payment of the one dollar to the plaintiff and the satisfaction of the $65,00 of his debt to Boynton & Burritt be treated as a payment of $66,00 in advance, we insist, that, in effect, it was a payment of that amount upon B. & H. Boynton's debt to the plaintiff, of which they, or their sureties, were entitled to avail themselves. *Vilas* v. *Jones*, 1 Coms. 274.

The cases, upon which the defendants rely, may all be arranged under five classes, 1. Those where there was part payment of the debt before it was due, in consideration of which the residue was to be extended; of this class are *Greely* v. *Dean*, 2 Met. 176, and *Austin* v. *Dorwin*, 21 Vt. 38. In *Austin* v. *Dorwin* an *obiter dictum* of the judge, who delivered the opinion of the court, goes farther. But that question was not raised by the defendants' counsel, nor passed upon by the court. 2. Where there has been a deed, under seal, covenanting to extend the time. *Gifford* v. *Allen*, 3 Met. 255. 3. Where an usurious sum of money has been paid in advance, and in consideration thereof, an agreement made to extend the time; which is *Miller* v. *McCan*, on the authority of which the

XXIII.      19

*dictum* in *Austin* v. *Dorwin* was founded. But the question as to the consideration or binding character of the contract was not discussed on either side. In *Vilas* v. *Jones*, 10 Paige 76, the case turned upon other grounds, and the bill was dismissed. The same case went to the court of appeals, 1 Coms. 274, and the doctrine laid down in *Miller* v. *McCan* was fully examined and overruled. 4. When there has been an agreement on the part of the principal to pay the interest for a given time, in consideration of which the creditor agrees to extend the payment to such time,—which are the New Hampshire cases. *Wheat* v. *Kendall*, 6 N. H. 504. *Bailey* v. *Adams*, 10 Ib. 162. But these cases are opposed to all the English and American authorities. Even Chancellor Walworth repudiates it in *Vilas* v. *Jones*, 10 Paige 79. *S. C.*, 1 Coms. 274. 5 Wend. 504. *Nason* v. *Peters*, 4 Vt. 101. Chit. on Bills 446. *Philpot* v. *Bryant*, 15 E. C. L. 126. 5. When the principal has paid the interest in advance, and the creditor has, in pursuance thereof, agreed to give farther time, to the period for which interest has been paid,—which are the New Hampshire cases only; *Grafton Bank* v. *Woodward*, 5 N. H. 99; *Crosby* v. *Wyatt*, 10 N. H. 324; and which are opposed to the cases in Maine and Massachusetts; 8 Pick. 458; 10 Pick. 129; 1 Shep. 203.

The note being overdue, when the pretended agreement was made, the agreement did not prevent the plaintiff from suing and recovering on the note, nor did it prevent the sureties paying the note and suing the principal thereon, or for money paid. 2 Saund. R. 48, n. *a.* *Mason* v. *Peters*, 4 Vt. 101. *Aloff* v. *Scrimshaw*, 2 Salk. 572. *Nichols* v. *Norris*, 23 E. C. L. 28.

The opinion of the court was delivered by

KELLOGG, J. 1. The first question presented by the bill of exceptions is, whether the agreement made by the plaintiff and the principals to the note, to extend the payment of the same, supposing it a valid agreement, founded upon sufficient considerations does in law discharge the sureties,—the agreement being made without the *knowledge* and *consent* of the sureties, and the note being at the time overdue.

That such an agreement, if made before the note comes to maturity, is sufficient to discharge the sureties, it is believed all the au-

thorities agree. We find it laid down in the elementary works and in many reported cases, in general terms and without any qualification as to whether the note is due, or not, that an agreement, founded upon sufficient consideration, and entered into between the payee and principal, without the assent of the surety, extending the time of payment beyond the time limited by the original contract, does, in law, operate as a discharge and release of the surety. Some of the cases, however, seem to attach some importance to the question of whether the agreement for delay is made before the contract falls due, and appear to countenance the idea, that there is a distinction between such agreements made before and those made after the contract becomes due. While in the former they regard its effect to be a discharge of the surety, in the latter they hold it to be inoperative, at least not a release of the surety.

There are howevever, numerous authorities, of the highest respectability, where no such distinction is taken, or even suggested, which we can hardly suppose would have escaped the observation of courts and counsel, if such a distinction were well founded. Nor can we discover any sound principle, upon which the distinction can be maintained. It is indeed said, that where the agreement for delay is made after the note becomes due, it does not suspend the creditor's right of action; and that consequently the agreement does not operate to the prejudice of the surety. This is assuming, that the agreement is inoperative, for all the purposes, for which it was made. Without stopping to discuss the question, whether such an agreement can be pleaded as a *temporary* bar to a suit brought in violation of it, (which we are inclined to think may well be done,) can it be doubted, that, upon proper application to a court of chancery, the suit would be enjoined? That such would be the result we apprehend there can be no doubt. If we are right in this conclusion, it is equally prejudicial to the surety, whether the extension of payment be given upon an agreement made before or after the note comes to maturity.

2. The second question raised by the exceptions involves an enquiry as to the validity of the agreement, by force of which the sureties claim, that they are released from their liability upon the note. It is said, that the agreement is void for want of sufficient consideration,—that the consideration for the promise of forbearance by the

plaintiff is usurious, and that such consideration is insufficient to up-hold the promise.

We do not see, but the consideration must be conceded to be usurious. It is true, that the payment of the sixty five dollars was to Boynton and Burritt, who are not parties to the note in suit; but the payment was by the procurement of the plaintiff, for his ben-efit, and to discharge his liability to them; and the only considera-tion for this payment was the promise of the plaintiff to give farther time for the payment of the note in suit. It was therefore the same as a payment of the sixty five dollars to the plaintiff. The payment of one dollar to the plaintiff at the time the agreement was made was of the same character and for the same object,—to obtain an extension of time for paying the note of four hundred dollars. Does this render the agreement invalid?

Upon this point it must be admitted, that the adjudged cases are somewhat conflicting. The recent cases in New York hold such contracts void, not only while they remain executory, but after they are executed. Such is the doctrine laid down in *Vilas et al.* v. *Jones et al.*, 1 Comst. 286. It seems, that the same has been held in Ken-tucky, 1 B. Munro, to this extent, that a *promise* to pay usury was void, and therefore was no consideration for a promise of the cred-itor to forbear, and that the surety was not by such agreement re-leased. In a subsequent case, in the same volume, the same court held, that where the usury was *paid* at the time the creditor prom-ised to forbear, it discharged the surety. *Kenningham* v. *Bedford*, 1 B. Munro, 325. It would seem, from the cases above referred to, that in Kentucky the law is settled thus,—while the contract is *exe-cutory*, it is void and does not discharge the surety; but when *executed*, by the debtor, by payment of the usury at the time of the promise to forbear, it is binding on the creditor and discharges the surety, and is like the case of *Austin* v. *Dorwin*, 21 Vt. 38.

The cases of *Oxford Bank* v. *Lewis*, 8 Pick. 458, and *Blackstone Bank* v. *Hill*, 10 Pick. 129, can have no bearing upon the question; for it does not appear in either of the cases, that there was any prom-ise by the creditor to forbear. The court held, that mere delay to collect the note when due, did not discharge the surety, and that the payment of interest in advance, and beyond the time limited in the note for payment, was not *evidence* of an agreement to forbear. To

the same effect is the case of *Freeman's Bank* v. *Rollins*, 1 Shepl. 208. It is an adoption of the law, as laid down in the above cases in Pick. The court, however, say, in the last case, that they do not intend to overrule the case of *Kennebeck Bank* v. *Tuckerman*, in which they say, " there was a direct affirmative agreement to give farther credit ;" and in which case I infer, that they held the surety was discharged. The case of *Reynolds* v. *Ward*, 5 Wend., is cited to show, that a promise to pay interest upon the demand during the time of forbearance is no sufficient consideration for an agreement to forbear. The converse of this, however, is held in *Bailey* v. *Adams*, 10 N. H. 162.

In *Grafton Bank* v. *Woodward*, 5 N. H. 99, and *Wheat* v. *Kendall*, 6 N. H. 504, it is expressly held, that the payment of usurious interest is a sufficient consideration to sustain a promise to forbear, or give farther credit; and that an agreement for forbearance for a specified time, founded upon such consideration, and entered into by the creditor without the consent of the surety, is binding upon the creditor and operates as a discharge of the surety. The same doctrine is held in *Austin* v. *Dorwin*, 21 Vt. 38, and the New Hampshire cases are there cited with approbation.

It is to be borne in mind, that the agreement in the case at bar, so far as the interest of the plaintiff was concerned, was fully executed by the defendants B. & H. Boynton, at the time the agreement was made. The one dollar was paid to and accepted by the plaintiff, and, upon the principals undertaking to pay the sixty five dollars to Boynton and Burrett, the latter then discharged the plaintiff of all liability by reason of his having before received that amount, as usurious interest, of Boynton and Burrett. And although the sixty five dollars was not endorsed upon the note, which B. & H. Boynton held against Boynton and Burrett, until some short time after the agreement was made, yet we do not see, that this circumstance can affect the liability of the plaintiff; for the sixty five dollars was made available to him by the discharge of Boynton and Burrett. Nor do we see, how B. & H. Boynton could avoid performing their undertaking to Boynton and Burrett. The latter had a just and legal claim against the plaintiff, which they were induced to release upon the promise of payment of the amount by B. & H. Boynton.

They had relied upon that promise, and the defendants could not have avoided performing it, had they been disposed.

It is said, that the authority of *Austin* v. *Dorwin* is somewhat impaired by the fact, that the case of *Miller.* v. *McCan*, 7 Paige, 451. *Vilas* v. *Jones*, 10 Paige 76, which are supposed in some measure to have influenced the decision, have since been overruled by the court of appeals in New York. 1 Comst. 274. How much influence those cases had upon the decision in *Austin* v. *Dorwin* it is impossible to say. Those cases, as also the case in Comstock overruling them, were decided by able courts, for whom we entertain the highest respect. It is not to be denied, that the question is one of some difficulty, and upon which eminent jurists have differed in opinion. The case in Comstock is elaborately discussed and with great ability. The ground, upon which the cases proceed, that hold agreements for extending the time of payment, founded on an usurious consideration, to be invalid is, that such contracts are *void;* and stress is laid upon the fact, that the statute declares them void,— that while the contract remains executory, the creditor cannot enforce it,—and if it is executed by the debtor, by payment of the usurious consideration, he can recover it back ; and so the creditor in no event can derive any benefit from the contract; and consequently that he ought not to be bound by it. Such is the reasoning of the court in the case cited from Comstock.

It is said that this provision of the law, which enables debtors, who have paid usurious interest, to recover it back, is for the benefit and protection of debtors. But certainly the debtor is not bound to avail himself of this privilege. He may waive or release it. In this case, certainly none but the defendants can recover back the usurious interest, which was paid, and if they do not see fit to avail themselves of that privilege, but by their acts and conduct place it beyond their power to recall the payment thus made, is it the right of the creditor, after having received and appropriated to his use the consideration of the contract, to repudiate it ? We think not. The defendants B. & H. Boynton cannot recover of Boynton and Burrett the amount paid, for, so far as they were concerned, the contract was not tainted with usury. If, then, the defendants can recover it at all, it must be from the plaintiff. But do not the defendants, by causing the agreement to be set up and established as a de-

fence to this suit, deprive themselves of the right to recover back the consideration, upon which the agreement was founded ? Under such circumstances, it seems to us, that the defendants would be *estopped* from claiming the usurious interest, which was paid as consideration for the agreement to delay payment of the note.

But however that may be, we think the question of the sufficiency of the consideration, upon which this agreement rests, was virtually decided in *Austin* v. *Dorwin,* and we are not disposed to depart from the doctrine of that case.

The judgment of the county court is reversed and new trial granted.

