May Term,
1852.

HARBERT
v.
DUMONT.

Thursday,
May 27.

HARBERT v. DUMONT and Another.

Where parol evidence is admitted at the trial, without objection, the question of its admissibility cannot be raised on error.

The receipt of usurious interest, while the statute of 1845 enacting that usurious interest paid should not be recovered back was in force, was a benefit to the recipient and a valid consideration for an agreement to extend the time for the payment of a note.

A valid agreement by a creditor with the principal debtor, without the consent of the surety, not to sue for a limited time after the debt is due, discharges the surety.

The plaintiff who after a demurrer to a plea has been overruled, replies to the plea, waives all objection to the overruling of the demurrer.

The party in whose favor a demurrer has been decided, cannot complain of the decision.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in *March*, 1849, by *Harbert* against *Cheek, Dumont,* and *Glenn.* The suit was founded on two promissory notes given by the defendants to the plaintiff. The notes were joint and several and were signed as follows: *William V. Cheek, Ebenezer Dumont, William Glenn.*

Two of the defendants, *Dumont* and *Glenn,* filed seven pleas.

First, the general issue.

The second plea is as to 70 dollars of the principal debt, and to the interest since the 11th of *May,* 1848, and to the costs. This plea alleges the receipt of usurious interest by the plaintiff on the notes at various times after they fell due, to-wit, in 1845, 1846, &c., to the amount of 70 dollars, in pursuance of various usurious agreements made by the plaintiff with *Cheek.*

The third plea is similar to the second.

The fourth plea, which is in bar of the whole action, alleges that these two defendants signed the notes as sureties of *Cheek,* which was known to the plaintiff when he took the notes; that after the notes fell due, the plaintiff, in pursuance of various usurious agreements with *Cheek* (which are described) made at different times, to-wit, one on the 15th of *May,* 1845, one on the 12th of

*May*, 1846, &c., gave him, *Cheek*, further time for payment, in consideration of certain usurious interest, to-wit, 10 *per cent. per annum*, paid to the plaintiff by *Cheek* at the said times of making said agreements; which agreements and payments were made without the consent of these defendants or either of them.

The fifth plea is pleaded in bar of the whole action. It states that these two defendants were only sureties, which the plaintiff knew when he took the notes; that after the notes fell due, the plaintiff and *Cheek*, without the consent of these defendants, agreed that *Cheek* should have further time for payment of the notes, on payment of the legal interest in advance for the delay. Averment, that the interest was paid in advance and the time given without the consent of these defendants or either of them; that, during the time so given, *Cheek* was solvent, but afterwards became insolvent.

The sixth and seventh pleas are similar to the fifth.

The second, third, and fourth pleas were demurred to, and the demurrers overruled. To the second and third pleas the plaintiff afterwards replied, denying the usurious agreement and the receipt of usurious interest relied on in those pleas.

Replication to the fourth plea, that the plaintiff did not give further time for payment in manner and form as in that plea alleged.

The fifth, sixth, and seventh pleas were demurred to and the demurrers sustained.

Judgment by default against *Cheek*.

The issues of fact were tried by the Court, and judgment rendered for the defendants, *Dumont* and *Glenn*.

On the trial, the plaintiff gave in evidence the notes described in the declaration. The defendants, *Dumont* and *Glenn*, introduced evidence (which was not objected to) strongly tending to prove that they were only sureties of *Cheek*, and were known to be so by the plaintiff; that after the notes fell due, the plaintiff agreed with *Cheek* to give him further time for payment, on *Cheek's* paying cer-

tain usurious interest; that the usurious interest was accordingly paid and the time given.

We think that the evidence was sufficient not only to prove the second and third pleas, which are to a part only of the demand, but also to prove the fourth plea, which is in bar of the whole cause of action.

The question whether parol evidence was admissible to prove these defendants to be sureties cannot be raised now. The objection should have been made below when the evidence was offered.

We have only to consider whether the issue raised by the replication to the fourth plea, which issue has been found for the defendants, is material.

The materiality of that issue depends upon two questions: first, whether the consideration of the agreements to give time was valid; and if so, then, secondly, whether the giving of the time discharged the sureties.

The consideration of the agreements was the payment of usurious interest. By the statute of 1845, which was in force when the agreements were made, the plaintiff has a right to retain that interest. Acts of 1845, p. 12. That being the case, the receipt of the interest was a benefit to the plaintiff, and a valid consideration for the agreements.

With regard to the second question, the plaintiff's counsel has certainly presented us with a strong argument to show that the sureties are not discharged by the time given to the principal. It must be admitted that a valid agreement not to sue for a debt for a limited time, cannot be pleaded in bar of an action brought for the debt within the time. *Thimbleby* v. *Barron*, 3 Mees. and Welsby, 210. But still the law is well settled, that such an agreement by a creditor with his principal debtor, discharges the surety. It is said that such agreement ties up the hands of the creditor, because, if he breaks it, he may be sued for damages. Per *Parke*, Baron, in *Thimbleby* v. *Barron*, *supra*. Lord *Truro*, in discussing this subject very recently, uses the following language: "But

it may be said that the effect of the contract is not to deprive the creditor of the power of suing the debtor at law, as the covenant not to sue could not be pleaded in bar to an action for the debt, although it might subject the creditor to an action for suing contrary to his covenant. To this it may be replied, that liability to such action has a tendency to operate on, and to fetter, the discretion of the creditor in determining whether to sue the debtor or not. If the creditor had not fettered his discretion by the covenant, the determination or exercise of the discretion would be regulated by a consideration of the expediency of suing the debtor under any existing circumstances; but the existence of such a covenant introduces a new and important circumstance, operating upon the expediency of suing or not, because the creditor is to be supposed to be stimulated by views of his own interest merely, but, by reason of the existence of the covenant, he has to estimate the possible consequence, in point of damages, for breach of the covenant, against the possible advantage of suing; and the evil likely to result from the former may, in his estimation, outweigh the advantage to be derived from the latter; and it is not beyond doubt that the state of things created by the creditor has changed the situation of the surety, and deprived him of an advantage which he would otherwise have enjoyed." *Owen* v. *Homan*, 3 English Law and Equity Reports, 112, 122, 123.

We have no doubt, therefore, but that the issue raised by the replication to the fourth plea is material. The finding of that issue for the defendants, *Dumont* and *Glenn*, puts an end to the plaintiff's action against them.

As the plaintiff, after his demurrers to the second, third, and fourth pleas were overruled, filed replications to those pleas, he waived all objection to the overruling of those demurrers.

The demurrers to the fifth, sixth, and seventh pleas having been decided in the plaintiff's favor, he cannot, of course, complain of that decision.

*Per Curiam.*—The judgment is affirmed with costs.

J. Ryman, J. Morrison, and S. Major, for the plaintiff.

E. Dumont and P. L. Spooner, for the defendants.