May Term, 1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY CO.

---

## DICKERSON and Another v. THE BOARD OF COMMISSIONERS OF RIPLEY COUNTY and Another.

The party applying for an injunction upon the collection of a judgment, was only obliged, by the R. S. 1843, to indorse on his bill a release of errors in the judgment, when required so to do by the Court.

An equitable estoppel is thus described: Where the payee, upon an agreement supported by a sufficient consideration, extends the time of payment to the principal, without the consent of the surety, the latter is discharged, the payee being equitably estopped.

The payment of interest in advance is a sufficient consideration to support an agreement for further forbearance.

Where the relation of principal and surety exists between the makers of a written instrument, though the instrument be wholly silent as to which is surety, and even be joint and several, the makers, as against the payee or obligee, for the purpose of letting in any act of the latter tending to affect the collateral relations of the makers, may show the true relation of the makers to each other.

An agreement with the principal, in order to release the surety in a written instrument, need not operate to release the debt.

A surety will be discharged by any agreement of the creditor with the principal, which, if violated, would give the surety a right of action.

It is not necessary, to discharge the surety, that the agreement should be such as he could plead in bar of a suit; it is sufficient if it fetter and embarrass the discretion of the creditor.

An instrument under seal can not be discharged by a mere parol agreement; but where the agreement is executed, the act, coupled with the agreement, is sufficient to discharge the obligation.

An equitable estoppel may be set up as well at law as in equity.

That a party has mistaken or been misadvised as to his rights, and so failed to set up a defence at law, does not entitle him to relief in chancery.

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co.

APPEAL from the *Ripley* Circuit Court.

Monday,
May 28.

STUART, J.—Bill in chancery by sureties to enforce an alleged equitable estoppel.

The bill alleges that *Dickerson* and *John L. Shook* were sureties, and *David P. Shook* principal, in a surplus revenue bond for the loan of 203 dollars, executed on the 11th of *February*, 1847, with interest payable in advance. The bond is stated to have been joint and several, but that the relation of principal and surety subsisting between the obligors was well known to the county officers with whom the loan was negotiated. It was due *February* 11, 1848. On the third of *March*, 1848, the ninth of *March*, 1849, and the fifth of *February*, 1851, respectively, a year's interest was paid by *David P. Shook*, which settled the interest payable in advance, up to *February* 11, 1850.

The complainants aver that in consideration of these payments, the officers having control of the surplus revenue fund extended the time of payment of the principal sum to the said *David*, without the consent or knowledge of his sureties.

It is further alleged, that in *September*, 1851, a judgment at law was recovered on the bond against all the parties, by default. And the reason set up for not defending at

VOL. VI.—9

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co.
law is, "because your orators were informed and believed that their defence was of an equitable and not of a legal nature, and hence could not avail themselves of their said defence at law." The prayer of the bill is for answer, &c., that the collection of the judgment be enjoined, and for general relief.

Demurrer to the bill sustained, and, on complainants failing to amend, dismissed.

It is objected that there is no release of errors. The objection is not well taken. *Addleman* v. *Mormon*, 7 Blackf. 31, is referred to in support of the objection. But that decision is on a statute different from the one governing this case. These proceedings were had while the statute of 1843 was in force. The provision on that subject is, that "such complainant shall indorse and sign on his bill a release of errors in said judgment, whenever required so to do by the judge granting such injunction, or by the Court." R. S. 1843, p. 852, s. 130. To make the objection available, it should appear that such an order had been made, and that the complainant had failed to comply. It is only when required to do so, that he is to indorse a release of errors on his bill.

The main question in the case, viz., the doctrine of equitable estoppel, though urged by complainants, is not discussed by the defendants' counsel. It is not proposed to go into it further than the case made in the bill requires.

Equitable estoppel is generally thus defined: When the payee, upon an agreement supported by a sufficient consideration, extends time of payment to the principal, without the consent of the surety, the latter is discharged, the payee being equitably estopped.

The instrument by which these parties were bound, reads in these words: "We, or either of us, promise to pay to the state of *Indiana*, for the use of the surplus revenue deposited with the state of *Indiana*, on or before the 11th day of *February*, 1848, the sum of 203 dollars and 27 cents, with interest thereon at the rate of seven per cent. per annum in advance, commencing on the 11th

May Term, 1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co.

day of *February*, 1847, and do agree that in case of failure to pay the principal or interest when due, five per cent. damages on the whole sum due shall be collected, with costs, by action of debt, in any Court of competent jurisdiction. Witness our hands and seals, *February* 11, 1847. *David P. Shook*, [SEAL.] *Telford Dickerson*, [SEAL.] *John L. Shook*, [SEAL.]"

Here, it will be perceived, is a direct liability under seal. The sureties do not undertake collaterally. The agreement to pay is joint and several, and made directly to the state, for the use, &c. These features, it will be seen, divest the case of part of the subtleties surrounding the question.

That the payment of interest in advance is a sufficient consideration to support an agreement for further forbearance, is too well settled to admit of discussion. *Bailey* v. *Adams*, 10 New Hamp. 162.—*Fowler* v. *Brooks*, 13 *id.* 240.—*McComb* v. *Kittridge*, 14 Ohio 348.—*Harbert* v. *Dumont*, 3 Ind. 346. Here, it is alleged, that upon a contract for forbearance, in consideration of the payment of interest, the time was extended from year to year without the consent of the sureties.

Without stopping to inquire what subtle distinctions the authorities draw against the complainants, even on this state of facts, and without reference to the surplus revenue acts, we proceed at once to the main question. Was this defence available in equity only, or was it also available at law?

Admitting it to have been available in equity only, it might be suggested whether the bill should not have been filed while the legal proceedings were pending. However that may be is not so material; for if the matter set up was a defence at law, then the Court below was correct in dismissing the bill.

The leading case on the side that it was not a defence at law, is *Davey* v. *Prendergrass*, 5 Barn. and Ald. 187. The decisions in 8 Price 467, 4 Wash. 620, 1 Mees. and Welsb. 564, *Tate* v. *Wymond*, 7 Blackf. 240, *Carr* v. *Howard*, 8 *id.* 190, go upon the authority of *Davey* v. *Prender-*

May Term, 1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY CO.

*grass, supra.* So the doctrine turns on the authority of that case.

That was an action of debt on a surety bond conditioned for the payment, in one month, of whatever balance might be found due on settlement, not exceeding £500. The second plea set up that the plaintiffs had, by parol agreement, without the privity of the defendants, given time to the principal to pay, by instalments of £100 a month, the balance of £1,099 found due on settlement, and a warrant of attorney was given accordingly. *Abbott,* C. J., puts the decision on purely technical grounds. Thus: "The ground of my opinion in this case, is that general rule of the common law which requires that the obligation created by an instrument under seal shall be discharged by force of an instrument of equal validity." In the separate opinion of *Holroyd,* justice, it is said—"The mere giving time by parol, without consideration, is not even binding on the party himself. That [the warrant of attorney] was certainly a good consideration for the forbearance. But a mere engagement not to sue for a limited time, is not a release in law of the original debt."

This decision was in 1821. In 1836, the case of *Ashbee* v. *Pidduck,* often relied upon, to the same effect, was made in the Court of Exchequer. There three persons had signed a bond, and as in the case at bar, it did not appear anywhere on the face of the bond that two of them were sureties for the other. And it was held that a release by the obligee to the representative of one of the deceased obligors, was no answer to an action against the surviving obligors. 1 Mees. and Welsb. 364.

The *American* editor appends a note, successfully questioning this decision, on the authority both of *American* and *English* cases. Among others he cites *The Bank* v. *Woodward,* 5 N. H. 99; *Gifford* v. *Allen,* 3 Met. 255; and *Bell* v. *Banks* (by *Tindal,* C. J.,) 3 Scott N. R. 503. And the report shows that the ruling is not one on which the Court had taken time to advise, but is given in a conversational way by *Abinger,* C. B., in the course of the argument at bar.

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY CO.

· From the opinions of the judges *seriatim*, in *Davey* v. *Prendergrass*, the following points may be deduced as held applicable to that case:

1. That it not appearing on the face of the bond that the defendants were sureties, it could not, as against the obligee, be pleaded and shown that they were so. Accordingly, *Ashbee* v. *Pidduck*, *supra*.

2. That a mere engagement not to sue for a limited time, even supported by a good consideration, is not a release in law of the original debt, and therefore can not operate to release the surety.

3. That an instrument under seal can not be released or discharged by a parol agreement.

On the first point, the decisions are numerous and conclusive against the ruling of the *English* Courts. *Harris* v. *Brooks*, 21 Pick. 195.— *Carpenter* v. *King*, 9 Met. 511.— *The Bank* v. *Hoge*, 6 Ham. 17.—*Bank* v. *Kent*, 4 N. H. 221.—*Artcher* v. *Douglass*, 5 Denio 307.—*Bell* v. *Banks*, 3 Scott, N. R., 503. And to the same effect, though with obvious misgivings on the part of the Court, *Harbert* v. *Dumont*, 3 Ind. 346. *Carpenter* v. *King* was debt on a judgment rendered on a joint obligation, without anything on its face to show that one was merely surety for the other. After judgment against both, a parol assurance was given to the surety that it was paid. It was held that, even in the absence of fraud, the defendant, going behind the judgment, might show the collateral relations subsisting between the payors, within the knowledge of the plaintiff, and thus form a basis for the defence growing out of the subsequent acts of the plaintiff. The other authorities are directly in point to the same effect. In *Bell* v. *Banks*, the reasoning of *Tindal*, C. J., is that the giving forbearance to the principal, without the knowledge of the surety, is a legal fraud upon the latter; and the defence growing out of this fact, coupled with the subsidiary relations of the parties, is not in contravention of the terms of the contract. In *Harbert* v. *Dumont*, *supra*, *Harbert* sued *Cheek*, *Dumont* and *Glenn*, on a joint and several note. *Dumont* and *Glenn* pleaded that in consideration of

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co.

the receipt of usurious interest, time had been given without consent, &c., and the defence was sustained, on the authority of an *English* case, *Owen* v. *Homan*, 3 Eng. L. and E. R. 112. It may therefore be regarded as settled, that even as against the payee or obligee, for the purpose of letting in any act of the plaintiff tending to affect the collateral relations of the defendánts, and even when the instrument is joint and several, and wholly silent as to which is surety, the true situation of the parties as principal and surety may be shown.

2. The second proposition is equally untenable, viz., "that a mere engagement not to sue for a limited time, even supported by a good consideration, is not a release in law of the original debt, and therefore can not operate to release the surety." The error is in assuming that to release the surety, the contract must be such as to release the debt as to all the parties. This is not necessary, and is not claimed. It is not pretended that the forbearance given discharges the principal. But such indulgence, without consent, &c., is set up as an act of the plaintiff, collateral to the main contract, which entitles the surety to be exonerated.

That the forbearance is only for a limited time can not affect the case. The suspension of the right to sue for a month, or even a day, is as effectual to release the surety as a year or two years. *Fellows* v. *Prentiss*, 3 Denio 512. The existence of such a contract for delay as, if violated, would give the principal debtor a right of action, will be sufficient to discharge the surety. Such contract need not deprive the creditor of the power of suing. It need not be such as the debtor could plead in bar of the suit. If it fetter and embarrass the discretion of the creditor, it changes the situation of the surety. *Owen* v. *Homan*, as quoted in 3 Ind. 349.— *Turrill* v. *Boynton*, 23 Vt. 142.— *Smith* v. *Day*, id. 656.

3. The third position assumed in *Davey* v. *Prendergrass*, and seemingly sanctioned in 7 Blackf. 260, and 8 Blackf. 190, presents, at first impression, more difficulty. That an instrument under seal can not be released or discharged by

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co,

a mere parol agreement, is undoubtedly the law. It is not claimed that so long as the common-law doctrine in relation to seals prevails, a mere parol agreement is sufficient to discharge a writing obligatory. But it is claimed that acts may be done under a parol agreement, and in pursuance of it, which may have that effect. So that when an executed parol agreement is set up, it is not the agreement alone, but the thing done under it, that is relied upon. A parol agreement to receive depreciated bank paper in discharge of a money bond, and an actual receipt of it accordingly, would be a good discharge of the specialty. Here it is not the parol agreement alone, but that and the act done under it, which is effectual.

It is upon this justly recognized distinction that the Courts which have ventured to question the *English* decisions have proceeded. In *Carpenter* v. *King*, the Supreme Court of *Massachusetts* apply it to a judgment. In *The Bank* v. *Leavitt*, the Supreme Court of *Ohio* apply it to a specialty. The facts in that case were these: A bond had been executed by two persons, the relations of whom, as principal and surety, were known to the plaintiff, though the fact of such relation did not appear on the face of the instrument. The bank accepted a confessed judgment from the principal, with an agreement for the stay of execution. By the terms of this agreement, forbearance was extended eighteen months. The plea setting up these facts came before the Court on demurrer. The Court say—" A surety can not be further bound than by the terms of his undertaking. These terms can not be changed without his consent. If any change is made, to the prejudice of his rights, without such consent, he may hold his obligation at an end. Any act which suspends his right to an instant pursuit of such remedy as belongs to sureties, absolves him from his liability. The defence which such an act gives to the surety is one proper to be set up in a Court of law. The doctrine is originally of chancery." And 2 Rand. 333, and numerous other authorities, are cited.

May Term,
1855.

DICKERSON
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY Co.

*The Bank* v. *Hoge* was an action on a joint and several bond against three obligors. Plea, that they had executed the specialty as sureties, with notice of that fact to the plaintiff, and that the bank had subsequently bound itself to extend the time to the principal. Replication, that the defendants were estopped by their seal, &c. But the Court say—" There is no attempt here to deny the obligation of this paper or to evade its admissions. The defence sets up a distinct and independent fact beyond the terms of the writing, not controverting any of its stipulations." 6 Ham. 17.

In *Artcher* v. *Douglass*, the obligors of a bond given to indemnify the sheriff, were permitted to show that they were sureties, and so enable them to set up in defence that the principal had been released. 5 Denio 307.

We therefore conclude, on the weight of the *American* authorities, that the doctrine of equitable estoppel is a defence available at law as well as in equity.

Whether the facts here set up for relief in chancery would have constituted a good and complete defence at law, we do not decide. It is not before us. Nor do we give any intimation what effect we think our statutes in relation to sureties generally might have on such questions in a Court of law. Nor particularly do we decide what may be the effect of the provisions of the statute in relation to the surplus revenue, on the case at bar.

All we do decide is, that the matter set up, if a defence at all, was available at law. *That* the defendants were presumed to know. That they were otherwise advised and believed, does not avail. *Platt* v. *Scott*, 6 Blackf. 389. They have had their day in Court. That a party has mistaken his rights, and so failed to make his defence at law, does not entitle him to relief in chancery. *Raines* v. *Scott*, 13 Ohio 7.—*Raburn* v. *Shortridge*, 2 Blackf. 480.—*Park* v. *Morton*, 5 *id.* 1, and the authorities there cited.

*Per Curiam.*—The decree is affirmed with costs.

E. *Dumont*, for the appellants.

J. *Ryman*, for the appellees.