EZEKIEL TREAT *versus* CURTIS SMITH & *als.*

Where, in an action on a promissory note, by the payee against the principal and surety, the plaintiff testified, and the surety in cross-examination admitted, that the latter requested the plaintiff "to wait on the principal as long as he could;" and subsequently the plaintiff gave the principal a written extension for one year; — *Held*, that whether the delay granted was by the request or with the consent of the surety was a fact for the jury.

A valid agreement for delay, between the principal debtor and creditor will not discharge the surety, if made with his consent and approval.

ON EXCEPTIONS from *Nisi Prius.*

ASSUMPSIT on a promissory note, brought by the payee against the principal and surety.

The verdict was for the defendants and the plaintiff alleged exceptions. The remaining material facts appear in the opinion.

*H. F. Pillsbury*, for the plaintiff, contended

That a jury would be authorized from the facts to find that the surety assented to or authorized the extension, and that it was for the jury to determine this issue, and cited *Linscott* v. *Trask*, 35 Maine, 150 ; *Whipple* v. *Wing*, 39 Maine, 424 ; *Cook* v. *Brown*, 39 Maine, 443.

*H. L. Whitcomb*, for the defendants.

APPLETON, C. J. — The note in suit was signed by the defendant Wm. H. Josselyn, as surety for the other defendants.

On Feb. 22, 1862, and after the maturity of the note, the plaintiff, for a valuable consideration, extended the time of payment by a written agreement in the following words :

"This is to certify that whereas I hold a note signed by Curtis Smith and Wm. H. Josselyn, dated June 1, 1860, and I agree to extend payment to Feb. 22, 1863, on said note, by agreement of parties. "Ezekiel Treat."

This contract, being on good consideration, was binding upon the plaintiff. By it, the time of payment was extended. In such case, the surety is discharged, unless such extension was .with his consent or at his request.

A valid agreement for delay, though made after the maturity of the note or after judgment in a suit upon it, discharges the surety, unless he agrees thereto. *Turrill* v. *Boynton*, 23 Verm., 142 ; *Bangs* v. *Strong*, 4 Coms., 316.

But if the contract, between the principal debtor and the creditor, for delay, is made with the assent of the surety, he is not discharged thereby, though it may operate to extend the time of payment. *Wright* v. *Paine*, 6 Bosworth, 600 ; *Crosby* v. *Wyatt*, 10 N. H., 318. *Ex parte Harvey*, 27 Eng. L. & E., 280.

The concurrence or assent of the surety for delay may be shown by parol. *Wyke* v. *Rogers*, 12 Eng. L. & E., 162. It may be proved by circumstances or inferred from the usages of trade. *Crosby* v. *Wyatt*, 10 N. H., 318. A

knowledge of the arrangement for delay while it is being negotiated, taking part in it or encouraging it, will justify a finding that the surety assented to it.    *Woodford* v. *Oxford & Worcester Railway Co.*, 21 Eng. L. & Eq., 285. The surety is not discharged if there be evidence of tacit assent on his part to the giving delay to the principal. *Solomon* v. *Gregory*, 4 Harr., (N. J.,) 112.

In the present case, the plaintiff testified that Josselyn requested him to wait on Smith as long as he could.    Josselyn, on cross-examination, admitted that he did so request the plaintiff.

The presiding Judge instructed the jury "that the requests" so made by Josselyn, would not authorize Treat to extend the time of payment one year with Smith, as he did, so far as Josselyn was concerned."

It was for the jury to determine, from the evidence, whether the delay granted was by the request of the surety or with his consent.    The surety, most certainly, is not to be discharged because the holder of the note complied with his requests.    In *Suydam* v. *Vance*, 2 McLean, 99, the Court held that, if there was a suspension of the right of the plaintiff to sue at the instance of and for the benefit of the indorser, his consent would be a waiver of any advantage from it.

In *Adams* v. *Way*, 32 Conn., 161, it was held, that a change of the time of payment, with the assent of the surety, would not discharge him.    "It could not be tolerated, for a moment," observes DUTTON, J., " that, if the change was made with the full knowledge and consent of the grantor, he could take advantage of it, to avoid his contract."

The ruling was peremptory and withdrew from the consideration of the jury the meaning and intent of Josselyn in what was said by him.    This was erroneous.    *Linscott* v. *Trask*, 35 Maine, 150 ; *Whipple* v. *Wing*, 39 Maine, 424.

*Exceptions sustained.*

KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.

CUTTING, J., dissenting.—At the trial, I ruled that an agreement between the promisee and the principal promisor, without consideration, for a delay of payment, could not be set up in defence by the surety, whether made with or without his knowledge and consent. Whereupon an issue of fact was presented to the jury, whether the written agreement for a delay of one year was based upon a consideration. Upon that issue the principal defendant swore that the consideration was the sum of $11,91, and the plaintiff that that sum was received only in part payment of the note. The jury believed the defendant. There was no evidence produced that the surety ever knew or understood, or authorized a *legal* contract for delay such as would preclude him from paying the note and resorting to his principal for security. The agreement produced expressed no consideration, and the letters of the surety were equally silent upon that subject. Hence, it will be perceived that the instruction reported was based upon the documentary evidence, which was silent as to any consideration.