Dewey, J.
Debt against three defendants on a joint promissory note. As to one of the defendants, the following entry was made on the record: “ It is made known to the satisfaction of the Court, that Samuel Q. Lowe is not found. The other defendants appeared, and pleaded an agreement on the part *of the plaintiffs, not to sue on the note for twenty years from the date of the agreement, which was in 1839. The plea begins in bar, concludes in abatement, and is sworn to. The plaintiffs demurred generally as to a plea in bar; and the defendants joined in demurrer as in bar. The Court sustained the demurrer, and ‘rendered final judgment against the two defendants who pleaded.
It is contended the judgment is erroneous. 1, Because there was not such a suggestion of “not found” as to one of the *302 defendants, as would authorize a judgment against the others; 2, Assuming the plea to be in abatement, because the judgment, on sustaining the demurrer, should have been respondeat ouster, and not final.
G. H. Dunn, for the plaintiffs.
P. Sweetser, for the defendants.
1, With regard to the first point, we think the entry on the record that it was made known to the Court that one of the defendants was “not found,” was equivalent to a suggestion, that such was the officer’s return, which is all the statute requires to justify a judgment against those defendants on whom process was served, or who appear to the action. R. S., 1838, p. 446.' 2, The other point is also against the plaintiffs in error. The plea under consideration is a plea in bar. A plea commencing in bar, and concluding in abatement, is a plea in bar. Bac. Abr. Abatement, P.; Medina v. Stoughton, 1 Ld. Raym., 593, per Holt. And Mr. Serjeant Williams and Mr. Chitty lay down the law to be, that a plea beginning and ending in the form above stated, though it contain matter in abatement, is nevertheless a plea in bar. 2 Saund., 209, c, note 1; 1 Chitt. Pl., 460.
The inquiry stills remains, whether the demurrer to this plea was correctly sustained? The defense set up is, that the plaintiffs agreed with the defendants not to bring suit upon the note for a limited time—twenty years. Such an agreement, even had it been under seal, would not have constituted a bar. This point has been heretofore settled by this Court. Berry v. Bates, 2 Blackf., 118. See Reed v. Shaw, 1 Blackf., 245, n. 1, and the authorities there cited. See also Cuyler v. Cuyler, 2 Johns. R., 186; Harrison v. Close et al., Id., 448.
*Per Curiam.— The judgment is affirmed, with 5 per cent, damages and costs.