May Term,
1848.

MILROY
v.
STOCKWELL.

</div>

---

## MILROY and Another *v.* STOCKWELL and Another.

A bill to foreclose a mortgage executed by *A.*, to secure the payment of a judgment obtained by the defendants against *B.* and *C.* *B.* entered his appearance, and died during the progress of the cause. His death being suggested, the suit was abated as to him. Default was made by *A.* and *C.*, and a decree was rendered, *pro confesso*, against them. *Held*, that *B.* and *C.* were necessary parties, and that there should have been a bill of revivor against the representatives of *B.*

ERROR to the *Carroll* Circuit Court.

SMITH, J.—On the 20th of *August*, 1844, *Stockwell* and *Reynolds* filed a bill in chancery against *Robert H. Milroy*, *Samuel Grimes*, and *Samuel Milroy*. The bill alleges, that at the *September* term of the *Carroll* Circuit Court, 1840, the complainants recovered a judgment against *Samuel Grimes* and *Samuel Milroy*, in an action of debt upon an appeal bond, for the sum of 3000 dollars, to be discharged on the payment of 2843 dollars and 11 cents, the damages assessed, together with the costs of the suit; and that *Robert H. Milroy*, having become security for the payment of said judgment with the interest and costs within three years from the 22d day of *May*, 1841, on that day executed a mortgage of certain lands to *Stockwell* and *Reynolds*, conditioned that if the said *Samuel*

<div style="text-align:right">

Thursday,
May 25.

</div>

Grimes, Samuel Milroy, or Robert H. Milroy, should pay said judgment, interest, and costs within three years from said date, said mortgage should be void, otherwise it was to remain in full force. The complainants allege that no part of said judgment, interest, and costs has been paid, and pray that said Robert be decreed to pay the amount that shall be found due by reason of the premises, and in default thereof, that the equity of redemption of the mortgaged premises be foreclosed, and said premises sold to satisfy the sum so found due. They also pray that said Samuel Grimes and Samuel Milroy be required to answer whether any part of said judgment, interest, and costs, has been paid.

On the 21st of April, 1845, Samuel Milroy entered his appearance and the cause was continued.

On the 20th of October, 1845, the complainants suggested to the Court the death of Samuel Milroy, and it was ordered that the suit be abated as to him; and on the same day, the other defendants having made default, a decree was rendered, pro confesso, against Robert H. Milroy and Samuel Grimes. The Court then proceeded to take an account of what was due the complainants of the debt secured by the mortgage, and found that there was due for principal and interest the sum of 1650 dollars and 67 cents. It was therefore decreed that Robert H. Milroy pay said sum within thirty days, and that, in default of such payment, the mortgaged premises be sold, &c.

It is objected to this decree that there should have been a bill of revivor against the heirs and personal representatives of Samuel Milroy, it appearing by the record that he died during the pendency of the suit. On the other hand, it is contended by the defendants in error, that Samuel Milroy had no interest and was not a necessary party.

It is not easy to deduce from the books any precise rule for determining who are necessary parties to a suit in equity, but in general, all persons materially interested in the subject of the suit should be brought in, to make the performance of the order of the Court safe to those

who are compelled to obey it, and to prevent future litigation. Such persons may be interested either *immediately* or *consequentially*. Thus, persons against whom a defendant has a remedy over, must be made parties in order to prevent circuity of actions. 1 Danl. Ch. Pr. 329. The present case seems, clearly, to come within this rule. *Robert H. Milroy* having executed the mortgage to secure the payment of a debt due by *Grimes* and *Samuel Milroy*, on the payment of such debt would have been entitled to recover the amount thereof from them. It was therefore proper they should have been made parties, both in order that he might have had their assistance in ascertaining the amount due, and in order to avoid the necessity of any future controversy with them, as to whether the proper amount was decreed against him. *Brooks* v. *Stewart*, 1 Beavan, 17 Eng. Ch. R. 514.—*Stokes* v. *Clendon*, 3 Swan's Ch. R. 150.—Story's Eq. Pl., 173, 204.—Calvert on Parties, 180.

In *Brooks* v. *Stewart* the bill stated that the plaintiff had, with the consent of the defendant, who was a surety, released the principal debtor by deed, and prayed payment by the surety of the debt. It was held that the principal debtor was a necessary party, as it was not perfectly clear that the latter might not be liable to contribute.

*Stokes* v. *Clendon* was the case of a mortgage by a principal of one estate, and by the surety of another as a collateral security. It was determined by the master of the rolls, that a bill of foreclosure against the principal could not be sustained, without making the other mortgagor a party, because the latter had a right to redeem and to be present at the account to prevent the burden ultimately falling upon his own estate, or at least falling upon it to a larger amount than the other estate might be sufficient to satisfy.

In this case it cannot be doubted that the judgment debtors were interested in the amount which should be found due.

*Per Curiam.*—The decree is reversed and cause re-

May Term,  manded, with directions to permit the complainants to
1848.    make the necessary parties, &c.

BOGART        *H. Allen*, for the plaintiffs.
v.
THE CITY OF   *R. A. Lockwood*, for the defendants.
NEW ALBANY.