Nov. Term,
1856.

CLARK
v.
TROVINGER.

So in *Massachusetts*, in a case in which the president and fellows of *Harvard College*, having built a dwelling-house on the land of the corporation within the college yard, leased it to one of their professors, who occupied it when assessed for taxation. The court held, that it was subject to taxation, and that too under the following statute: "The personal property of all literary, benevolent, charitable and scientific institutions, and such real estate belonging to such institutions, as shall be actually occupied by them, or by the officers of such institutions, for the purposes for which they were incorporated, shall be exempted from taxation." R. S. ch. 7, s. 5. See also 2 Cush. 612, 613, 614.

Laws imposing duties or burthens on the public at large, must be strictly construed, and the imposition must be clearly and distinctly made out from the language used. Smith's Com. 718; 3 Sumn. 387; *Orr* v. *Baker, supra.*

Public policy and the intention of the legislature are both against the exemption of this property from taxation. And when such intention is discovered it ought to be followed, though such a construction may seem to be contrary to the letter of the statute. 1 Maryland R. 17.

· (2) Counsel for the appellee cited *Chegaray* v. *Jenkins*, 1 Seld. 376.

## CLARK and Another *v.* TROVINGER.

*A.* sued *B.* and *C.* in the Court of Common Pleas, alleging that he held a judgment against *D.* which was a lien on certain real estate belonging to *D.;* that *B.* also had a judgment against *D.* which was a prior lien; that *B.* sued out an execution, and placed it in the hands of *C.* the sheriff, who by fraud and collusion with *B.* and without the knowledge of the plaintiff, sold the real estate without advertising it according to law, and before ten o'clock on the day of sale, and that *B.* became the purchaser for a sum less than his judgment; that the plaintiff and others were ready to bid, and would have given more for the land than the lien of *B.* Prayer, that the sale be set aside as fraudulent. Demurrer, assigning for cause want of jurisdiction of the subject-matter, overruled; answer making an issue; and judgment that the sale be set aside. *Held,* that the title to real estate being directly in issue, the Court had no jurisdiction, and its judgment cannot be sustained.

APPEAL from the *Huntington* Court of Common Pleas.

GOOKINS, J.—*Trovinger* brought an action in the *Huntington* Common Pleas against *Clark* and *Brown*, alleging that he held a judgment against one *Beard*, which was a lien on certain real estate of said *Beard;* that *Clark* also had a judgment against *Beard* which was a prior lien; that *Clark* sued out an execution on his judgment and placed it in the hands of *Brown*, the sheriff, who by fraud and collusion with *Clark*, and without the knowledge of the plaintiff, sold the said real estate without advertising it according to law, and before the hour of ten o'clock on the day of sale, and that *Clark* became the purchaser for an amount less than his own judgment; that the plaintiff and others were ready to bid and would have given more for the land than the lien of *Clark*. Prayer, that the sale be set aside as fradulent.

The complaint was demurred to, assigning for causes, that the Court of Common Pleas had not jurisdiction of the subject-matter, and a misjoinder of parties. The demurrer was overruled. Answers were filed putting in issue the matters stated in the complaint. Trial by the Court, finding for the plaintiff, and judgment that the sale be set aside.

This judgment cannot be sustained. The act organizing the Court of Common Pleas confers jurisdiction, in civil cases, with certain exceptions, one of which is, "where the title to real estate shall be in issue." 2 R. S. p. 18, s. 11. In no case could the title to real estate be more directly in issue than in this. The judgment, if valid, divested the title of *Clark* under his purchase, and transferred it to *Beard*, the defendant in execution. See *Dixon* v. *Hill*, at the present term (1).

Numerous other questions are discussed, but this finally disposes of the whole case and they need not be noticed.

*Per Curiam.*—The judgment is reversed with costs.

Cause remanded with directions to the Court to dismiss the suit.

*J. R. Coffroth*, for the appellants.

*J. R. Slack*, for the appellee.

(1) *Ante*, 147.