McCormick v. Cassell.

A constable, having in his hands an execution against one *A.*, took from *B.* the following agreement, entered thereon, viz., "I acknowledge myself replevin bail for the judgment on which this execution issued, and the payment thereof, with costs accrued and to accrue."

*Held,* that the agreement was not valid as a recognizance of replevin bail, because not entered on the docket of the justice.

*Held,* also, that a suit could not be maintained upon it as an agreement, because it had no consideration to support it; there being no agreement or legal obligation on the execution plaintiff to delay proceedings.

APPEAL from the *Fayette* Circuit Court.

Worden, J.—*Cassell* sued *McCormick* before a justice of the peace, and on appeal to the Circuit Court, the plaintiff had judgment. The facts in the case are, that *Cassell* had a judgment against one *Hale*, recovered before a justice of the peace, on *September* 27, 1858, for $20.02, and costs, on which an execution was issued and placed in the hands of a constable, on *October* 4, 1858. The constable called upon *Hale*, the execution defendant, for property, and was told by the latter that *McCormick* would stay the execution. The constable then called upon *McCormick*, who entered the following written indorsement, or agreement, on the back of the execution, viz:.

"*Oct.* 5, 1858. I, *L. W. McCormick*, acknowledge myself replevin bail for the judgment on which this execution issued, and the payment thereof, with costs accrued and to accrue.

(Signed,)    "L. W. McCormick."
Attest, "R. Durnan, *Const.*"

The constable then returned the execution, no other replevin bail being given. At the expiration of the time limited by law for the stay of execution, *Hale*, the judgment debtor, was insolvent. The question arises whether, on these facts, the plaintiff can recover. The defendant in the execution was entitled to take a stay thereon for one hundred and twenty days, by entering replevin bail on the docket of the justice. 2 R. S. 1852, §§ 84, 87, p. 467.

The instrument sued on is evidently not valid as a recognizance of replevin bail, because not entered on the docket of the justice. The constable had no authority to take or approve such bail. The justice must himself approve the bail, as he is made responsible for the solvency of such bail, unless the plaintiff consent; and the undertaking, when entered before the justice, has the effect of a judgment confessed.

Can the instrument be supported as an agreement? We think this question must be answered in the negative. It has no consideration to support it. The plaintiff does not appear to have been a party to the arrangement. He did not agree to defer executing his judgment, until the time limited by law for the stay of execution had expired, or for any other length of time. The plaintiff might, for aught that appears, have caused another execution to issue immediately, or have required the constable to execute the one already in his hands, notwithstanding the indorsement entered thereon. His hands were not tied up, nor were his rights to proceed with the collection of the judgment in any way affected. The simple fact, if such be the fact, that he did suspend proceedings to collect the judgment until the time for the stay had expired, can not vivify and make valid the instrument, it being void in its inception.

Had the plaintiff agreed, in consideration of the instrument executed by the defendant, that he would suspend proceedings on his judgment for the time provided for the stay of execution, or for any other length of time, perhaps such agreement on his part would have formed a sufficient consideration for the agreement of the defendant. Such, however, does not appear to have been the case.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. M. Wilson* and *A. P. Newkirk*, for the appellant.
*Nelson Trusler* and *G. Trusler*, for the appellee.