Nov. Term,
1861.

MURPHY
v.
ROBBINS.

Wednesday,
December 11.

---

MURPHY v. ROBBINS and Others.

An agreement not to sue for a limited time upon a promissory note, is no bar to an action on the note, commenced within the time limited.

Wednesday,
December 11.

APPEAL from the *Putnam* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Murphy* on two promissory notes, one for the payment of $150, and the other for $71. The first note bears date *November* 28, 1857, and is payable at six months; and the second is dated *August* 2, 1858, and payable one day after date.

The defendant answered the complaint by two paragraphs, to each of which the plaintiffs filed a separate demurrer. The demurrers were sustained, and final judgment given for the plaintiffs.

In his brief, the appellant makes no point relative to the action of the Court in sustaining the demurrer to the second paragraph, hence the first, alone, will be noticed.

The first paragraph alleges, "that about *June* 10, 1859, the

plaintiffs, for a good and valuable consideration, agreed with
the defendant to, and did, extend the time of payment on said
notes, and each of them, for four months from *June* 10; where-
fore the said defendant says that the said notes are not due."

This answer concedes that the notes, on their face, are
due, but alleges, in effect, that because of the agreement
"to extend the time of payment," they were really not due
at the commencement of the suit. And hence the only
question to settle is, can such agreement be set up in de-
fense of the action? *Lowe* v. *Blair*, 6 Blackf. 228, decides
that "An agreement not to sue for a limited time on a
promissory note, is no bar to a suit on the note commenced
within that time." See, also, *Clark* v. *Snelling*, 1 Ind. 382;
*Thalman* v. *Barbour*, 5 *id.* 178; *Smith* v. *Grabill*, 15 *id.* 267;
2 Am. Law Reg. 389. Upon these authorities, we must hold
the demurrer well taken.

*Per Curiam.*—The judgment is affirmed, with 10 per cent.
damages and costs.

*Crane, Mason* and *Hanna*, for the appellant.

*R. L. Hathaway*, for the appellees.