## REDMAN v. DEPUTY.

PRINCIPAL AND SURETY.—An agreement, upon a sufficient consideration, to give further time to the principal without the consent of the surety, will release the latter.

SAME.—The payment of legal interest in advance is a sufficient consideration for such an agreement.

SAME.—USURY.—An agreement to give further time in consideration of ten per cent. interest paid in advance, is not, under the law of 1861, void for usury, the contract being valid as to six per cent.

APPEAL from the *Jennings* Circuit Court.

GREGORY, C. J.—*Deputy* sued *Kieth, Kieth* and *Redman* on the 23d of *February,* 1866, on a promissory note, dated the 20th of *August,* 1863, and payable on or before the 25th of *December,* then next. *Redman* answered: 1. That the note was executed by *Samuel R. Kieth,* one of the defendants, in consideration of the loan to him of $100 by the plaintiff; that the appellant signed the same, together with

his other co-defendant, only as surety; that at the time of the loan and of the execution of the note, it was corruptly and usuriously agreed between the plaintiff and defendant *Kieth,* that the latter should pay for the use of the money $10 per annum, being ten per cent. thereon; that the defendant *Kieth* did then and there, and annually thereafter, pay thereon $10, amounting to $30, which is claimed as a set-off. 2. That the note was executed by *Samuel R.* as principal, and by defendants, *Redman* and *Silvester Kieth* as sureties, in consideration of money, to-wit, $100, loaned by the plaintiff to *Samuel R. Kieth;* that defendant received no part of the consideration, and executed the note as surety only, which the plaintiff well knew; that afterwards, *August* 20, 1864, and before *January,* 1866, the defendant *Samuel R. Kieth,* for the purpose hereinafter stated, paid the plaintiff $10, which was then and there received, and in consideration thereof the plaintiff agreed to and did extend the time of payment of the note one year from the time of such agreement; which agreement and extension of time was made without the knowledge or consent of defendant.

Judgment was rendered against the *Kieths* by default. Demurrers were sustained to each paragraph of the answer of *Redman,* and this presents the question in the case at bar.

The act of *March* 7, 1861, 2 G. &. H. p. 656, was in force at the time the agreement was made to extend the time of payment of the note, by which it is provided that "if a greater rate of interest than is hereinbefore allowed shall be contracted for, or received or reserved, the contract shall not therefore be void, but if in any action on such contract, proof be made that interest at a rate exceeding $6 a year on $100 has been directly or indirectly contracted for, or taken or reserved, the plaintiff shall recover only his principal with six per cent. interest, and he shall also recover costs, and if a greater rate of interest than $6 a year for $100 shall have been paid thereon, whether in advance or not, judgment shall be rendered only for the amount of

principal, deducting the excess of interest thus paid, at the time paid." The contract of forbearance was not void for usury. The payment of legal interest in advance was a sufficient consideration.

In *Newsam* v. *Fitch*, 25 Barbour 175, it was held that a payment on a note before it became due was a sufficient consideration for an agreement between the holder and the maker that the time for the payment of the balance of the note should be extended.

*Shaw* v. *Binkard*, 10 Ind. 227, was under a statute making the entire contract for interest void for usury; giving authority to the person paying to recover such interest.

In the case at bar the person paying the usurious interest could not recover it back. To the extent of legal interest, it was a valid payment. It is true that in a suit on the note, the maker could have the four per cent. applied on the principal, but the holder would have the use of the $10 for the entire year. In *Harbert* v. *Dumont et al.*, 3 Ind. 346, this court held that the receipt of usurious interest, while the statute of 1845, enacting that usurious interest paid should not be recovered back, was in force, was a benefit to the recipient and a valid consideration for an agreement to extend the time for the payment of a note. The second paragraph of the answer contains a good defense to the action, and the court erred in sustaining the demurrer thereto.

Was the first paragraph of the answer a good defense to the extent pleaded? The act of 1861 must govern this question as it was in force at the time of the trial. Under that law, six per cent. of the money paid ought to have been applied to the payment of the interest agreed to be paid, and the residue to the payment of so much of the principal. But as this right is purely statutory, the law in force at the trial must govern.

The act of *December* 19, 1865, (Acts Spec. Sess. p. 176) is the law now. governing this question. Under this act the first paragraph of the answer is a good defense to

three years interest on the note, covering the time for which the usurious interest was paid, but is not, in any event, a bar to any portion of the principal.

The judgment is reversed with costs, and the cause remanded to said court with directions to overrule the demurrer to the second paragraph of the answer, and with leave to the defendant to amend the first paragraph, and for further proceedings.

*H. W. Harrington,* for appellant.

*J. H. Vawter,* for appellee.