## CALVIN and Another *v.* WIGGAM.

PRINCIPAL AND SURETY.—FORBEARANCE.—An agreement, upon a sufficient consideration, to give further time to the principal, without the consent of the surety, discharges the surety.

SAME.—USURY.—Under the interest law of *March* 7, 1861, a contract of forbearance is not void for usury.

APPEAL from the *Scott* Circuit Court.

RAY, J.—Suit upon a joint and several note, signed by the appellants and one *James Calvin.* Answer by appellants, that they were sureties upon the note, and were discharged by an extension of time granted to the principal, for a valuable consideration, and without their consent. A reply was filed in denial. Trial, and finding for the appellee.

On the trial, it was shown that the appellee knew, at the time he took the note, that the appellants were sureties. The note was dated *July* 1, 1864, and became due twelve months thereafter. It was then agreed between the appel-

lee and the principal in the note, without the knowledge of the sureties, that interest should be paid at the rate of six per cent., in advance, for five months, and that the payment of the note should be extended for that time, when it should be paid in full, with interest at the rate of six per cent. in addition. Subsequently, a quantity of tobacco, of the value of $33 60, was substituted for the payment of advanced interest upon the note, and was received under the agreement to extend the time. The principal in the note had some $5,000 or $6,000 worth of property when the note, by its terms, became due. He was insolvent at the date of the action.

In the case of *Redman* v. *Deputy*, 26 Ind. 338, it was held that a "contract of forbearance was not void for usury," under the act of *March* 7, 1861, on the subject of interest. 2 G. & H., p. 656. Under that ruling, the appellants were entitled to judgment in the case under consideration.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. H. Stotsenburg* and *T. M. Brown*, for appellants.

*J. Y. Allison* and *W. T. Fridley*, for appellee.