## CHARLTON AND WIFE *v.* TARDY.

CONTRACT.—REFORMATION OF.—To a suit upon a promissory note, the defendant answered that in consideration of the payment of $30 when the note became due, the plaintiff had agreed to extend the time of payment one year; that a receipt was given for said money which was intended to express said contract, but by a mistake of the person writing it, the agreement for an extension was not inserted. A copy of the receipt given was filed with the answer. It acknowledged the receipt of $30 as extra interest on the note, to be applied from the time the note became due, so as to make the note draw twelve per cent. interest. Prayer for a reformation of the instrument, &c.

*Held,* that the agreement for a usurious rate of interest did not make the contract void, and that the answer presented a good defense.

APPEAL from the *Switzerland* Common Pleas.

RAY, J.—This action was brought to foreclose a mortgage given to secure certain notes.

The answer of the appellant *Charlton* admits the execution of the notes and mortgage, and that the first note described in the complaint had become due, but alleges that after the same was so due and payable, to-wit, on the 3d day of *November,* 1866, he paid the said plaintiff the sum of $30, in consideration of which the plaintiff undertook, promised and agreed with the defendant to extend the time of payment of said note until the 18th day of *October,* 1867, and thereupon executed and delivered to the defendant a receipt

for said $30, and what was understood and intended by both parties to be a promise and obligation on the part of said plaintiff to extend the time of payment for one year, and until said 18th day of *October*, 1867, but by mistake in writing said receipt and contract it was omitted and neglected to state in said writing that the time of payment was extended as aforesaid. A correction of the instrument is asked. The receipt and contract reads as follows:

"<i>Vevay, November</i> 3d, 1866.

"Received of *John Charlton* $30, to be applied as extra interest on one note of $625, due, on *John* and *Elizabeth Charlton;* said $30 to be applied from the time said —— was due, and make said note draw twelve per cent. per annum.

[Signed]                      "GEORGE TARDY.".

The note bore interest on its face.

There is another paragraph of the answer pleading payment of $68, *April* 20th, 1866, upon the note, and a copy of a receipt for that sum is filed.

An amendment was afterwards made to the first paragraph, stating in more extended form the contract intended to be embraced in the receipt and agreement filed, and alleging that the error was made by the scrivener who was called upon to draw the instrument. A demurrer was filed to this answer as amended, which was sustained by the court.

The appellee has filed no argument, and we do not know upon what ground the action of the court was founded. The receipt, on its face, discloses that $30 had been received upon the note to be applied as extra interest from the time the note became due. The $30 was intended to be applied as payment in advance, at the rate of twelve per cent., and as the note bore legal interest, it would extend the time when the note would again become due nearly a year from the time when the note had by its terms become payable, and months beyond the date when the answer was filed. The fact that the extension of time was at an illegal rate of interest does not render the contract void. *Calvin et al* v. *Wiggam*, 27 Ind. 489.

The demurrer to the first paragraph of the answer should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*H. W. Harrington, C. A. Korbley* and *H. A. Downey*, for appellants.