Trayser *et al. v.* The Trustees of Indiana Asbury University *et al.*

---

TRAYSER ET AL. *v.* THE TRUSTEES OF INDIANA ASBURY UNIVERSITY ET AL.

MORTGAGE.—*Foreclosure of.*—*Practice.*—Where a mortgagee, whose debt, secured by the mortgage, is not due, is made a defendant in a suit to foreclose a subsequent mortgage, securing a debt which is due, and files a cross complaint setting up such prior mortgage, and asking its foreclosure, the court may decree the foreclosure of the subsequent mortgage, and order a sale of the property mortgaged, subject to the lien of the prior mortgage, but cannot foreclose the prior mortgage or order a sale to satisfy it.

SAME.—It is error to sustain a motion to strike out an answer to said cross complaint alleging that the debt secured by such prior mortgage is not due.

PAYMENT.—*Extension of Time of.*—*Consideration.*—The giving of additional security by a person, not a party to a promissory note, is a valuable consideration for an agreement by the payee to extend the time of payment of such note.

SAME.—*Pleading.*—An agreement by the payee to extend the time of payment of a note secured by mortgage, in consideration of the execution to him, by a person not a party to such note and mortgage of a mortgage, as additional

security for the payment of said note, is a good answer to an action commenced by said payee before the expiration of such extension, for the foreclosure of both mortgages.

SUPREME COURT.—*Constitutional Law.*—Unless waived by a party, the Supreme Court is required to give a statement in writing of each question arising in the record of a case, and the decision of the court thereon, as provided in section 5, article 7, of the constitution of the State (1 G. & H. 46). A question arises in the record when it is fully and clearly stated in the transcript, and is embraced in an assignment of error, and the decision thereof is necessary to the final determination of the cause.

ASSIGNMENT OF ERROR.— *Waiver of.*—An assignment of error may be waived by an entry on the record, or by express waiver in a brief or oral argument, or by a concession incompatible with the error assigned; but the mere failure of counsel to argue a question " arising in the record" cannot be regarded as a waiver of the error.

APPEAL from the Marion Circuit Court.

BUSKIRK, C. J.—This was an action by the trustees of Indiana Asbury University against George Trayser, William J. H. Robinson, Joshua W. M. Langsdale, Cornelius L. Irving, Alexander B. Irving, David Macy, Isaiah Mansur, Maria Cunningham, The Indianapolis Piano Manufacturing Company, The First National Bank of Indianapolis, George F. Adams, Christian E. Geisendorff, Sarah H. Geisendorff, Jacob C. Geisendorff, Isaac Thallman, Ann M. Robinson, and Frank Ingersoll, to obtain judgments on certain notes, to foreclose two mortgages, to have them decreed to be prior liens to a mortgage held by David Macy and other mortgages and judgments held by others of the defendants.

The complaint was in two paragraphs. It was alleged in the first paragraph that the defendant David Macy was the treasurer and financial agent of the plaintiff; that William J. H. Robinson, Joshua W. M. Langsdale, George Trayser, Cornelius L. Irving, and Alexander B. Irving, partners under the firm name of Trayser, Robinson & Co., on the 30th day of March, 1867, executed a mortgage, conveying to the plaintiff the tract of land therein described, as surety for the payment of a debt for the sum of fifteen hundred dollars, evidenced by note of even date with the mortgage, payable on the 1st day of January, 1870, with ten per cent. interest

and waiving relief; that said note was given for part of the purchase-money for the real estate mortgaged, purchased by them of their co-defendant David Macy; that the said David Macy being at such time the treasurer of the plaintiff, without the knowledge or consent of plaintiff, made the said mortgage second to a mortgage executed by said defendants to the said Macy; that said act of said Macy was in violation of his duties as such treasurer; that by reason of such breach of trust, the mortgage of the plaintiff should have priority over the mortgage of the said Macy; that said David Macy, Isaiah Mansur, Maria Cunningham, The Indianapolis Piano Manufacturing Company, Christian E. Geisendorff, Sarah H. Geisendorff, Jacob C. Geisendorff, Isaac Thallman, The First National Bank of Indianapolis, George F. Adams, Ann M. Robinson, and Frank R. Ingersoll claim to have some interest in the real estate mortgaged.

It was alleged in the second paragraph of the complaint, that the Indianapolis Piano Manufacturing Company, on the 26th day of October, 1868, executed a mortgage conveying to the plaintiff the real estate and personal property therein described, to secure the payment of the note mentioned in the first paragraph of the complaint, and another note executed by said defendant to the plaintiff, on the 23d day of October, 1868, due thirty days after date, for two hundred and sixty-eight dollars and sixty-six cents, which has been paid; that the said Indianapolis Piano Manufacturing Company, in said mortgage, agreed to pay the note described in the first paragraph of the plaintiffs' complaint, without relief from the valuation or appraisement laws, and with interest, payable in advance, on the first days of January and July of each and every year; that said Isaiah Mansur, Maria Cunningham, The Indianapolis Piano Manufacturing Company, The First National Bank of Indianapolis, George F. Adams, Christian E. Geisendorff, Sarah H. Geisendorff, Jacob C. Geisendorff, Isaac Thallman, Ann M. Robinson, and Frank R. Ingersoll claim to have some interest in the property

mortgaged; that the note for fifteen hundred dollars is due and unpaid.

The prayer of the complaint was for judgment on the note, foreclosure of the mortgages, sale of the mortgaged property, and that said mortgages should have priority over the mortgages and judgments held by the defendants, other than those who had executed the said note and mortgages. Copies of the notes and mortgages were filed with and constituted a part of the complaint.

The defendant David Macy answered the allegations of the complaint by the general denial. He also filed a cross complaint, in which the plaintiff and all his co-defendants were made defendants.

The material allegations in the cross complaint were, that William J. H. Robinson, George Trayser, Joshua W. M. Langsdale, Cornelius L. Irving, and Alexander B. Irving, partners by the style of Trayser, Robinson & Co., on the 30th of March, 1867, executed their note, payable to him, in the sum of two thousand dollars, on or before the 30th of March, 1872; that to secure the payment of the said note, the makers thereof, by their proper names, on the said day, executed to him, the said Macy, a mortgage on the real estate described in the first mortgage given to the plaintiff; that the said mortgage is prior in date to the mortgage of plaintiff and the encumbrances held by his co-defendants; that he expressly and positively denied that he acted in bad faith toward the plaintiff, in taking the first lien on said property, but, on the contrary, he acted in perfect good faith, and took ample security for the payment of the note of the plaintiff; that the said Trayser, Robinson & Co., at the date of the note due the plaintiff, and when the same became due, were entirely solvent; that the note of the plaintiff was made payable in one year, while the note was made payable to himself in five years; that he surrendered to the plaintiff the note sued on, on the 12th of July, 1867, long before it became due; that notwithstanding the facts heretofore stated, the plaintiff, by an agreement with the makers

thereof, and for a valuable consideration, agreed to, and did, extend the time of payment therefor from the maturity thereof until the commencement of this action, to wit, until the 9th day of February, 1870; that the said plaintiff, as additional security for her note, has taken another mortgage, while he has no security for his note except said mortgage and personal liability of the makers of his note; that the real estate described in his mortgage and the first mortgage to the plaintiff is not susceptible of partition. Prayer, that the plaintiff shall be compelled to sell the property described in the second mortgage to the plaintiff before selling the property described in the first mortgage to plaintiff and in the mortgage to him; that his mortgage may be foreclosed and be decreed to be a prior lien on said property; and for all other proper relief.

Inasmuch as Trayser, Robinson & Co. are the only parties who have appealed or assigned errors, it will not be necessary to notice the pleadings filed by the other defendants, further than to say that proper issues were formed between such defendants and the plaintiff and David Macy upon his cross complaint.

The defendants Trayser, Robinson & Co. demurred to the cross complaint. The demurrer was overruled, and they excepted. They then filed an answer in two paragraphs to the cross complaint. Upon the motion of Macy, the second paragraph of such answer was stricken out, to which ruling a proper exception was taken.

The defendants Trayser, Robinson & Co. answered the original complaint in two paragraphs. The plaintiff demurred to the first paragraph of such answer. The demurrer was sustained, and an exception taken.

The cause was by the agreement of the parties submitted to the court for trial. The court rendered a long special finding, which we do not deem it necessary to copy in full, as a brief summary of the finding will answer our purpose.

The court found that the mortgage of Macy constituted a prior lien to the mortgages of the plaintiff and the judgments

of the other defendants; that the property mortgaged was susceptible of division; and decreed the foreclosure of the mortgage of Macy, and that a certain portion of the mortgaged property should be sold to satisfy said debt so found due to said Macy.

The court found the amount due to the plaintiff and decreed a foreclosure of both mortgages, and directed what property should be sold under such decree.

The appellants moved the court for a new trial in the original action and on the cross complaint, which motion was overruled, and an exception taken. The evidence is not in the record, and, consequently, no question can arise as to the sufficiency of the evidence to sustain the finding of the court.

The only available errors are, that the court erred in sustaining the motion of David Macy to strike out the second paragraph of the appellants' answer to the cross complaint, and in sustaining the demurrer of the original plaintiff to the first paragraph of the answer of the appellants to the original complaint.

The second paragraph of the answer of the appellants to the cross complaint was as follows:

"2. And said defendants, for a further answer to said David Macy's cross complaint, say that his said note therein mentioned and described is not due and collectible until March 30th, 1872. Wherefore they say he cannot have and recover thereon as in said cross complaint prayed, and that he is not now entitled to the relief therein demanded. Wherefore they pray judgment.          HANNA & KNEFLER,
                    " Attorneys for Defendants."

The above answer was sworn to.

Did the court err in striking out said answer. The learned counsel for Macy have not attempted to sustain by argument or authority this ruling of the court, but they have suggested, in their brief, that the error should be regarded as waived by the failure of the counsel for appellants, in their

brief, to insist upon such error. This ruling of the court has been assigned for error in this court, and the error has not been waived on the record or in the brief of counsel, nor is it insisted on in argument.

The question is presented whether the failure of counsel to argue and insist upon an error assigned can be regarded as a waiver or abandonment of such error. Section 5 of article 7 of our State constitution provides, that "the Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case, and the decision of the court thereon." 1 G. & H. 46.

This court was required, in several cases, soon after the adoption of our present constitution, to place a construction upon the above section of the constitution. See *Henry* v. *The State Bank of Indiana,* 3 Ind. 216; *Hand* v. *Taylor,* 4 Ind. 409; *Rice* v. *The State,* 7 Ind. 332; *Ferguson* v. *Harrison,* 7 Ind. 610; *Clark* v. *Trovinger,* 8 Ind. 334; *Boggs* v. *The State,* 8 Ind. 463.

In *Willets* v. *Ridgway,* 9 Ind. 367, in a well-considered case, this court placed a construction upon the section in question, which has been approved, adhered to, and followed in all subsequent cases, down to the present time. The court say:

"Other questions have been presented upon which we shall now intimate no opinion. It is true that the constitution, by an unwise provision, requires that this court shall give a written opinion upon every point arising in the record of every case; a provision which, if literally followed, tends to fill our Reports with repetitions of decisions upon settled, as well as frivolous, points and often to introduce into them, in the great press of business, premature and not well-considered opinions, upon points only slightly argued; yet it is a provision not to be disregarded, though merely directory, like that requiring the legislature to use good English. But though the provision is not to be disregarded, it is to be observed according to some construction, and should receive

such a one as to obviate its inconvenience and objectionable character, as far as consistently can be done.

"It often happens that a point is raised involving an important principle, but of minor consequence in its bearing upon the particular case, while it presents the material question in some other pending cause. Now, to decide it in the case where, from its subordinate position, it is but carelessly argued, by one side or the other, if at all, and hence, perhaps, but hastily considered by the court, is unjust to counsel whose subsequently pending cause is thus prejudged, without their being heard, and upon an argument on which they would be unwilling to rest it. It is this class of decisions which forms the bane of judicial reports.

"These, and other considerations, have lead the court to inquire—When does a question, in the sense of the constitution, arise in the record?

"We do not think it does so merely because it is raised by counsel, nor because it is presented in the assignment of errors. Nor, necessarily, because it is raised in a bill of exceptions. It must be a question, the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the court to comprehend it in all its bearings. Hence, it has been the frequent practice of the court, in cases where a single point would put an end to a case, to decide that point and no other.

"So, where a cause was necessarily reversed for one or more errors, and remanded for a new trial, which might be upon new issues, formed by amended pleadings, and with more or less evidence, points which were made upon the first trial, but might not arise upon the record, or were not so distinctly and satisfactorily presented by the record as they might be after another trial, have been considered as not necessarily and properly arising in the record, and have been passed."

From the foregoing opinion, it is quite manifest that at least three things must concur, before a question, within the

meaning of the constitution, arises in the record; first, the question must be fully and clearly stated in the transcript; second, there must be an assignment of error covering the point; third, it must be a question, the decision of which is necessary to the final determination of the cause.

Does the question under consideration properly arise in the record? Macy, in his cross complaint, demanded a foreclosure of his mortgage and a sale of the mortgaged property. The appellants answered, by alleging that the debt secured by the mortgage was not due. Upon the motion of Macy, the answer of appellant was stricken out, and the question was reserved by a bill of exceptions. The appellants have assigned this ruling of the court for error.

The decision of this question is necessary to the final determination of the controversy between Macy and the appellants, and is the only error assigned as to Macy. In our opinion the question, properly and legitimately, within the meaning of the constitution, arises in the record, and must be decided by us, unless there has been a waiver of the error assigned. Has there been such a waiver?

An assignment of error stands as a complaint. An error may be waived by an entry upon the record, or, by leave of the court, it might be amended or stricken out. An assignment of error may be expressly waived in a brief, or in oral argument, or it might be waived by an admission or concession incompatible with the error assigned.

The law does not require parties to either brief or argue orally causes in this court. We have attempted to supply the omission by adopting a rule dismissing the appeal where no brief is filed as therein required. There was at one time a rule of this court, that questions that were not argued would be regarded as waived; but no such rule now exists.

We are very clearly of the opinion that a mere failure to argue a question, that has been assigned for error, cannot be regarded as a waiver or abandonment of the error assigned.

Did the court err in striking out the answer of appellants to cross complaint of Macy? The ruling of the court is

wholly indefensible. The debt of Macy was not due, and in such a case there could be no foreclosure or sale of the property. The court might have decreed that the mortgage of Macy constituted a prior lien, and should have decreed that the property should be sold subject to his mortgage and prior lien.

The next question presented for our decision is, whether the court erred in sustaining the demurrer to the first paragraph of the answer of appellants to the original complaint. The paragraph in question reads as follows:

"Come now the defendants, William J. H. Robinson, George Trayser, Joshua W. M. Langsdale, Cornelius L. Irving, Alexander B. Irving, The Indianapolis Piano Manufacturing Company, Ann M. Robinson, and Frank Ingersoll, and for answer to the plaintiff's complaint, say it is true, as in said first paragraph of complaint alleged, that said defendants, William J. H. Robinson, Joshua W. M. Langsdale, George Trayser, Cornelius L. Irving, and Alexander B. Irving, under their then firm name of Trayser, Robinson & Co., executed said note sued on, and on the same day said note was executed, they executed said mortgage on the east half of the north two-thirds of lot number six (6), in square number sixty-two (62), in the city of Indianapolis, a copy of which mortgage is filed with said first paragraph of plaintiff's complaint; and they say that all interest on said note has been paid up to January 1st, 1870; and said defendants further say that after the execution of said note and mortgage, to wit, on the 26th day of October, 1868, said defendant, The Indianapolis Piano Manufacturing Company, executed and delivered to the plaintiff a certain additional mortgage, the better to secure the payment of said note, a copy of which is filed with the second paragraph of plaintiff's complaint, and said second mortgage was executed in consideration of the plaintiff's agreeing to and with the defendants to extend the time of the principal of said note sued on until the first day of January, 1872; and said second mortgage was by the plaintiff accepted in faith of said con-

tract and agreement; and the defendants aver and charge it to be true that at the time of the execution of said last mentioned mortgage, it was expressly understood and agreed between the plaintiff and the defendants that the date when the principal of said note should become due and payable should be extended until the first day of January, 1872, the interest thereon to be paid in advance on the 1st of January and July of each year, and that the time of payment of said note should be extended until the said 1st day of January, 1872, and that the same should not be due and collectible until said date; and that in consideration of said agreement to extend the time of payment of said note, and in consideration of said extension in fact made, the said defendant, The Indianapolis Piano Manufacturing Company, agreed to and did execute and deliver to said plaintiff said additional mortgage, which was by her executed in performance of said agreement on the part of the defendants, whereby they were to give additional security and have secured to them the extension as aforesaid; and said mortgage was executed upon said consideration, and for the purpose as aforesaid, and not otherwise, and was received and accepted by the plaintiff in faith and in pursuance thereof; and the defendants say that on the 1st of January, 1870, they tendered to the plaintiff the interest on said note for the ensuing half year, and have at all times, and still are ready and willing to keep and perform their said agreement to pay the interest thereon semiannually; and they now bring into court the interest on said note for the half year, from January 1st, 1870, as heretofore tendered, and now again tender the same; and they aver that they have, and in all things intend in good faith to keep and perform their part of said agreement. Said defendants say that by reason of the premises said note is not due and collectible until the 1st of January, 1872, and that said plaintiff cannot and ought not to have and maintain her said action on said note; that her said action has been prematurely brought, and that the bringing of the same is in violation of

her agreement and contract aforesaid; wherefore, defendants pray judgment."

The material facts presented by the answer are these: Trayser, Robinson & Co. executed their note to the plaintiff for fifteen hundred dollars, payable in one year from date, and, to secure the payment of such note, the first mortgage sued on was executed. After the note became due, the parties met together, when it was agreed that in consideration that the makers of the note should give the second mortgage sued on, and that they would pay the interest on the first days of January and July of each year in advance, and that the Indianapolis Piano Manufacturing Company should guarantee the payment of the note and the interest semi-annually, the time for the payment of the principal of the note should be extended until the first day of January, 1872. It was alleged that the appellants had fully complied with all the terms and conditions of said contract, and that the plaintiff had commenced this action in violation of such agreement.

We think that the facts stated in the answer showed that there was a valid agreement to extend the time of payment of the note, and that this action was brought in violation of such agreement. This is a chancery suit, and it is well settled that courts of chancery will not enforce a contract in opposition to an agreement, for a valuable consideration, to give an extension of time. To do so would be against conscience and good faith, and in fraud of the rights of the appellants.

The case of *Loomis* v. *Donovan,* 17 Ind. 198, is much in point, and is decisive of the question. There are many other decisions to the same effect. See *Harbert* v. *Dumont,* 3 Ind. 346; *Dickerson* v. *The Board, etc.,* 6 Ind. 128; *Redman* v. *Deputy,* 26 Ind. 338; *Fellows* v. *Prentiss,* 3 Denio, 512; *Bailey* v. *Adams,* 10 N. H. 162; *Fowler* v. *Brooks,* 13 N. H. 240; *McComb* v. *Kittridge,* 14 Ohio, 348; *Austin* v. *Dorwin,* 21 Vt. 38; *Creath's Adm'r* v. *Sims,* 5 How. U. S. 192;

*Calvin* v. *Wiggam*, 27 Ind. 489; *Charlton* v. *Tardy*, 28 Ind. 452.

The court erred in sustaining the demurrer to the answer.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the motion to strike out the answer of the appellants to the cross complaint, and to overrule the demurrer to the answer of appellants to the original complaint, and for further proceedings in accordance with this opinion.

Downey, J., being president of the board of trustees of Indiana Asbury University, did not sit in the case.

*J. Hanna* and *F. Knefler*, for appellants.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks,* and *J. W. Ray,* for appellees.