## NELSON v. WHITE.

PROMISSORY NOTE.—*Verbal Extension of Time of Payment.*—*Common Law.*— *Equity.*—In an action on a promissory note, the defendant answered, that, for a consideration, the plaintiff had verbally agreed to extend the time of payment for a definite period, which had not yet expired ; and he also answered, that, on the verbal promise of the plaintiff to extend the time of payment for a reasonable period, the rate of interest in the note had been increased.

*Held*, on demurrer, that, in such action, only the common-law powers of the court were called into exercise, and that neither of such answers is a bar to the action

*Held*, also, that a court of equity might refuse to enforce a contract, over such a verbal agreement.

SAME.—*Alteration.*—*Attorney's Fees.*—*Presumption.*—A promissory note containing a conditional stipulation for the payment of attorney's fees, executed prior to the act of March 10th, 1875, 1 R. S. 1876, p. 149, and secured by mortgage, was, after that date, altered by the consent of all parties by increasing the rate of interest, and then executed by an additional maker as surety for the former, whereupon such mortgage was duly released.

*Held*, on appeal by the principal alone, that such alteration did not, as to him merge the note as originally executed into a new one, and that he is liable for attorney's fees.

*Held.* also, that, from evidence establishing such facts, a jury might infer that part of the consideration for the increase of the rate of interest was the release of such mortgage.

From the Grant Circuit Court.

*G. T. B. Carr*, for appellant.

*J. F. McDowell* and *G. L. McDowell*, for appellee.

PERKINS, J.—Suit upon a promissory note, as follows :
" $1,000.            MARION, IND., June 13th, 1874.

" Two years after date, I promise to pay to the order of James F. McDowell, at ——, one thousand dollars, with interest at the rate of six per cent. per annum from ——, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

" If this note is not paid at maturity, the undersigned

agree to pay expenses of collection, including attorney's fees, with ten per cent. interest after maturity.

(Signed,)    " J. H. NELSON,
"REUEL J. GAUNTT."

Endorsed:    "JAMES F. MCDOWELL."

Answer:

1. That, for a consideration, the time fixed for payment of the note was definitely extended, by a parol agreement, and that the note was not due under that agreement.

2. That, in consideration that the defendants would, at that time, which was subsequent to the making of said note, insert in the same the words, "with ten per cent interest after maturity," the plaintiff agreed to extend the time of payment for a reasonable time, etc.

Both paragraphs of answer were severally demurred to. The demurrer was overruled to the first and sustained to the second paragraph.

Reply in denial of the first paragraph.

Trial; judgment for plaintiff, for twelve hundred and one and $\frac{12}{100}$ dollars, to draw ten per cent. interest.

Motion for a new trial overruled.

Gauntt does not join in the appeal.

The evidence is in the record.

The plaintiff gave in evidence the note and endorsement, proved the amount of a reasonable attorney's fee, and, says the bill of exceptions, rested.

The defendants, to sustain the issues on their part, introduced the following evidence:

William White, after being duly sworn, testified as follows: "I am the plaintiff in this action; purchased the note in suit of James F. McDowell. The note was only the note of defendant Jesse H. Nelson, when I purchased it, and before it was signed by defendant Reuel J. Gauntt. The note only provided for six per cent. interest before Gauntt signed the note. The note was secured by mortgage on real estate. Mr. Jesse H. Nelson wanted

me to release the mortgage to enable him to borrow money from the Building and Loan Association and mortgage the same to it. I agreed to do so, on his giving me personal security, which he agreed to do; and he brought Reuel J. Gauntt to go his security, who signed the note, and I released the mortgage. That is the way Reuel J. Gauntt's (defendant's) name appears on the note. This was done before the note was due, and after the 10th of March, 1875, a few weeks before the note was due, at my request, without any agreement to wait, or extend the time of payment one year from the 13th of June, 1876. The words, 'with ten per cent. interest after maturity,' were inserted with the consent of all parties.'

This was all the evidence given in the cause.

The causes specified in the motion for a new trial were:.

1. Finding and judgment not sustained by evidence;
2. Excessive damages; and,
3. Judgment contrary to law.

The errors assigned in this court are:

1. The sustaining of the demurrer to the second paragraph of answer; and,
2. Overruling the motion for a new trial.

This was a suit upon a simple contract. It called into exercise none but the common-law powers of the court. Hence the answers of extension of time of payment were neither of them a bar to the action. *Newkirk* v. *Neild,* 19 Ind. 194; *Irons* v. *Woodfill,* 32 Ind. 40; *Lowe* v. *Blair,* 6 Blackf. 282; *Milroy* v. *Stockwell,* 1 Ind. 35; *Halstead* v. *Brown,* 17 Ind. 202; *Murphy* v. *Robbins,* 17 Ind. 422; *Redman* v. *Deputy,* 26 Ind. 338; *Harbert* v. *Dumont,* 3 Ind. 346; *Cross* v. *Wood,* 30 Ind. 378; *Shaw* v. *Binkard,* 10 Ind. 227; *Dickerson* v. *The Board, etc.,* 6 Ind. 128; *Bucklen* v. *Huff,* 53 Ind. 474. Had a court of equity been asked to enforce a contract, over an agreement for an extension of time, such court might have refused to enforce it. *Loomis* v. *Donovan,* 17 Ind. 198; *Trayser* v. *The Trustees, etc.,* 39 Ind. 556. But the appellant contends that

the addition of the clause making the note bear ten per cent. interest was without consideration; and that, by the transaction in which the note was changed, the original note was extinguished, and a new note created, which transaction being subsequent to the statute of March 10th, 1875, renders the clause of the note touching attorney's fees illegal.

It will be remembered, that the appeal from the judgment below is by the maker of the original note, J. H. Nelson. Gauntt, who subsequently became surety on the note, is not complaining of that judgment.

It may be inferred from the evidence, that the transaction, in which the note of Nelson was altered, was completed at a single meeting of all the parties.

The case, then, is this: The appellant, Nelson, on the 13th of June, 1874, had given his note for one thousand dollars, bearing interest at six per cent., containing an agreement to pay attorney's fees, and payable on the 12th day of June, 1876. The note was secured by a mortgage on his land. Subsequently he desired to get his land released from the lien of the mortgage, by substituting personal security; and, to accomplish such release, he, with R. J. Gauntt, his proposed security, met the appellee, the owner of the note, and consented that the words, "ten per cent. interest after maturity," should be inserted in it; the holder thereof consented that Gauntt should sign it; he did so, and Nelson received the release of his land from the lien of the mortgage; Gauntt, the surety, is satisfied, and makes no objection to the judgment against him upon the note. The only alteration made in the note, so far as Nelson is concerned, was the insertion, by his consent, of the ten per cent. interest clause. All the terms of the note, with this exception, are those he signed in 1874. This alteration, so made, left the terms of the original note, which were not varied by the alteration, in full force and effect, and operative from the date of the note. *Wilson* v. *Henderson*, 9

---

Sm. & M. 375; *Bailey* v. *Taylor*, 11 Conn. 531; *Bucklen* v. *Huff*, 53 Ind. 474.

A material alteration, made without the consent of a party to the note, might render it void as to him. *Bowser* v. *Rendell*, 31 Ind. 128; *Bowers' Adm'r* v. *Briggs*, 20 Ind. 139; *The State* v. *Van Pelt*, 1 Ind. 304.

As to the point that there was no consideration for the promise to pay ten per cent. interest, it may be said, that, nothing appearing to the contrary, a contract will be presumed to be made upon a consideration; and a want of consideration must be shown by the party pleading it. In this case, no evidence, directly to this point, was given; but a jury might well have inferred, from the evidence given, that the agreement to release the mortgage was a part of the consideration for the payment of ten per cent. interest on the note.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.