No. 8201.

LOCKWOOD ET AL. *v.* DILLS, ADMINISTRATOR.

JUDGMENT.—*Transcript.—Admission.—Evidence.*—The admission on the trial of a cause, that a transcript of a judgment offered in evidence is valid, is not an admission that the judgment of which it is a copy is also valid.

PRACTICE.—*Special Finding.—Exception.*—An exception to the conclusions of law by the court upon a special finding of facts is an admission that the facts are correctly found.

SAME.—*New Trial.*—If the court finds the facts contrary to the evidence, whether by admission or otherwise, the remedy is by a motion for a new trial, and not by an exception to the conclusions of law on such finding.

REPLEVIN BAIL.—*Invalid Entry.*—Writing an undertaking of replevin bail upon a separate piece of paper, and attaching it to the page of the docket of a justice of the peace, on which the judgment appears, by pinning it thereto, is not "entering" it upon such docket within the meaning of section 84, 2 R. S. 1876, p. 632, and such undertaking is therefore invalid as a recognizance of replevin bail.

From the DeKalb Circuit Court.

*P. J. Lockwood, W. L. Penfield* and *C. E. Emanuel,* for appellants.

*J. E. Rose, E. D. Hartman* and *W. H. Dills,* for appellee.

BEST, C.—The appellee brought this suit, as administrator of the estate of John Whittington, deceased, against John J. Whittington, the only son of said decedent, to obtain an order to sell lot No. six (6), in Auburn Junction, DeKalb county, Indiana, of which said decedent died seized, for the payment of his debts, and against the appellants to enjoin them from selling said lot upon an execution then in the hands of Augustus S. Leas, as sheriff, in favor of Alonzo Lockwood, his co-appellant.

John J. Whittington appeared, and consented to an order for the sale of the lot. Appellants demurred to the complaint for want of facts, which was overruled, and they excepted. They then filed an answer in denial. The issue was submitted to the court for trial, with a request by appellants that the court find the facts specially, and state its conclusions of law thereon. This was done, and the appellants excepted to the conclusions of law. Final judgment was rendered for appellee, from which the appellants appeal and assign as error that the court erred in its conclusions of law upon the facts found. Other errors are assigned, but as this one presents the only questions argued by appellants, the others will not be noticed.

The facts as found are briefly these: That on November 22d, 1876, Alonzo Lockwood recovered a judgment against one Nathan Tarney for $86.63, before John S. Barnes, a justice of the peace of DeKalb county, Indiana; that, on said day the decedent wrote upon a piece of paper the usual undertaking for the stay of an execution upon said judgment, signed the same, which was attested by said justice upon said paper, and then by said justice attached to his docket, by pinning it to and across the face of the leaf upon which said judgment was entered, and not otherwise; that at the time said undertaking was written, the whole of the page of said docket upon which it was attached was filled with the entry of said judgment, but there was sufficient room on the

margin of said leaf, and at least twenty lines on the next page, immediately after the entry of said judgment, upon which said undertaking could have been written; that on the 20th day of December, 1877, said Alonzo Lockwood caused a transcript of said judgment and of said undertaking to be filed in the clerk's office of said county, which was duly entered in the proper order-book, and the judgment docketed on the judgment docket; that on the 20th of January, 1879, said Alonzo Lockwood procured from said John S. Barnes a certificate that an execution, issued upon said judgment, had been returned unsatisfied, and filed the same in said clerk's office; that said Barnes, when he made said certificate, was not an acting justice of the peace, his term of office having expired the 24th of the preceding October; that on the 28th day of March, 1879, the clerk of said county issued an execution upon said judgment, and delivered it to Augustus S. Leas, sheriff, who levied upon said lot, and advertised to sell it upon the 3d of May, 1879; that on the 11th of April, 1879, said decedent died intestate, seized of said lot, leaving said John J. Whittington his only heir; that on April 28th, 1879, the appellee was duly appointed administrator of said estate; that the personalty was insufficient to pay the debts of said decedent, and that said Tarney never had any interest in said lot. The court further found "that it is admitted by the parties that said transcript is in all respects conformable to law, and valid, unless it is rendered invalid by the form of the certificate attached thereto," which certificate is set out in the finding.

The court adjudged said undertaking to be illegal and void, enjoined appellants from selling said lot upon said execution, and from attempting to enforce said judgment as a lien upon said lot.

Appellants, in their brief, concede that said execution was void, but complain of that part of the judgment which perpetually enjoins them from attempting to enforce said judg-

ment as a lien upon said lot, and, in support of their posi-- tion, insist, first, that the admission that the transcript was valid was equivalent to finding that said judgment was a lien on said lot; and, second, that said undertaking was a valid recognizance of replevin bail. We do not concur with them in either position. An admission that the transcript was valid could not mean more than that it was correct. It could not mean that the transcript was not only correct, but that the judgment, of which it was a copy, was also valid. A transcript of a void judgment properly certified is a valid transcript. If the certificate was sufficient, the admission added nothing to its validity; if not, the admission supplied its place. It may also have excused its production upon the trial; but, whether produced or its absence supplied by the admission, it would only have been evidence of the validity of the undertaking in question. With both, the appellee could still have disputed its validity. *Remington* v. *Henry*, 6 Blackf. 63.

Again, if the admission was sufficient to establish the fact that the judgment was a lien on the lot, and the court should have so found, yet, as it did not, the appellants can not present that question by an exception to the conclusion of law by the court. Such an exception is an admission that the facts are correctly found. *Cruzan* v. *Smith*, 41 Ind. 288; *Robinson* v. *Snyder*, *post*, p. 110.

If the court found the facts contrary to the evidence, whether by admission or otherwise, the remedy was by a motion for a new trial, and not by an exception to the conclusions of law by the court. Buskirk's Practice, p. 206.

The statute provides that the judgment defendant may have stay of execution by entering replevin bail on the docket of the justice. 2 R. S. 1876, p. 632, sec. 84.

It is by statute alone that judgments can be replevied, and the mode of doing it, as prescribed by the statute, must be observed, to make it valid. *Lowe* v. *Blair*, 6 Blackf. 282.

The mode prescribed by the statute is by "entering" it on the docket; and this court, in *McCormick* v. *Cassell*, 16 Ind. 408, a case where an undertaking of replevin bail had been entered upon the back of an execution held by a constable, among other reasons given for its invalidity, said it was "not valid as a recognizance of replevin bail, because not entered on the docket of the justice."

"Entering" on the docket of the justice is to write the undertaking upon the docket as other judgments are written upon, or recorded in, such docket. To write the undertaking upon a separate piece of paper and attach it to the docket, by pinning it thereto, is not "entering" it upon the docket, within the meaning of the statute, and therefore the undertaking was not valid as a recognizance of replevin bail.

For these reasons, we think the court did not err in its conclusions of law.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and is hereby, in all things affirmed, at the costs of the appellants.